COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

PUBLISHED

SHAISHAV SHAH

v.      Record No. 1898-18-4

MANALI SHAH

OPINION BY
JUDGE WILLIAM G. PETTY
JULY 16, 2019

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

Terry L. Fox (Faisal Moghul; Fox & Moghul, on brief), for
appellant.

Daniel A. Harvill (Daniel A. Harvill, PLLC, on brief), for appellee.

Despite not being present in court for a scheduled hearing, husband asserts, in nine

assignments of error, that the trial court erred in denying his request to continue the case, in not

allowing further argument regarding the language of the decree, and in entering wife's proposed

divorce decree.  Finding no error, we affirm the decision of the trial court.

I.  BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258 (2003).  Husband and wife were married in January

of 2014.  In February of 2017, wife filed a complaint for divorce.  In June of 2017, husband filed

a separate complaint for fraud, intentional infliction of emotional distress, and unjust enrichment

against wife (marriage fraud case).  In July of 2017, the trial court stayed the divorce case

pending the results of the marriage fraud case.  In February of 2018, the trial court partially lifted

the stay in the divorce case so that wife could pursue her grounds for divorce and obtain a

divorce.  The court continued the stay as to equitable distribution to avoid any prejudice to the

property rights of husband should he be successful in the marriage fraud case.  Following the *ore*

*tenus* hearing on October 22, 2018, the trial court granted wife's request for divorce based on

continuous separation for one year, pursuant to Code § 20-91(A)(9).  The trial court scheduled a

hearing on November 9, 2018 for the purpose of considering and entering a final decree.

According to husband, sometime before the hearing, wife sent husband a draft of the

divorce decree.  Husband had objections to the proposed decree and suggested they continue the

matter to determine whether an agreement could be reached.  Neither husband nor husband's

counsel appeared for the November 9, 2018 hearing.  Husband alleges that both parties agreed

that wife's counsel would appear and request a continuance.  At the appointed hearing time, the

trial court requested that both proposed divorce decrees be submitted.  Wife's counsel submitted

a proposed decree; husband's counsel was in another court and thus was not present to offer

husband's proposed decree.  The trial court adjourned the matter until 1:00 p.m. that same day

and directed wife's counsel to tell husband's counsel to be present at that time.  At the 1:00 p.m.

hearing, with counsel for both parties present, the trial court considered the orders presented by

both parties and ruled that it would be signing wife's proposed final decree of divorce.  Husband

argued that although he was seeking a divorce, entry of wife's order, as written, would prejudice

him in the marriage fraud case.  The trial court emphasized that if it continued the matter for

further argument on the orders, as husband requested, it would be a year before the matter could

be back on the docket.  The trial court directed husband's counsel to note any objections to the

ruling on the order and then it would be entered.  Husband filed a motion for reconsideration,

which was denied.  This appeal followed.

## II. ANALYSIS

### A. Motion for a Continuance

Husband asserts that the trial court "abused its discretion by not granting a continuance for the entry of an agreed decree even though counsel for both parties had agreed to continue the hearing" and by entering the decree "despite being aware that both parties were actively negotiating the language" of the proposed decree.

The decision of whether to grant a continuance is committed to the discretion of the circuit court. Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 33-34 (2007). We will reverse "a circuit court's ruling on a motion for a continuance . . . only upon a showing of abuse of discretion and resulting prejudice to the movant." Id. at 34.

In evaluating whether the trial court has abused its discretion we must recognize that the trial court has inherent authority to administer cases on its docket and is not required to continue a case because the parties mutually agreed to the continuance. Singleton v. Commonwealth, 278 Va. 542, 551-52 (2009). In Singleton, the appellant's defense counsel contacted the prosecutor regarding a continuance of the criminal case set for trial. Id. at 545. The parties agreed to continue the case to a set future date. Id. The prosecutor prepared a continuance order and informed his witnesses that they did not have to appear for the original trial date. Id. The parties both signed the order, and the defense counsel informed appellant that he did not have to be present for the original trial date. Id. On the originally-scheduled trial date, the prosecutor appeared and presented the court with the signed continuance order. Id. "[I]n light of the fact that neither [the defense counsel] nor his client was present," the trial court denied the order. Id. The trial court subsequently found the defense counsel guilty of contempt for failing to appear for trial and in advising his client not to appear. Id. at 546.

On appeal, the Supreme Court held that the evidence was insufficient to convict the defense counsel of contempt of court because there was insufficient evidence to establish that the defense counsel had the intent to obstruct justice in light of his good faith belief that the trial court would grant the mutually requested continuance. Id. at 551. Nevertheless, the Supreme Court noted that, attorneys "should not follow a practice of agreeing to a continuance of a pending case under circumstances that essentially limit, as a practical matter, the trial court's ability to exercise its discretion whether to grant a continuance." Id. at 551-52. The better practice, noted the Court, is for attorneys and their clients to appear in court and not excuse witnesses in anticipation that the trial court will grant a mutual request for a continuance. Id. at 552. "In short, in the absence of the entry of a continuance order prior to the scheduled trial date, attorneys should not presume that a continuance will be granted." Id. See also Williams v. Commonwealth, 2 Va. App. 566, 569 (1986) ("[Code § 19.2-241] contemplates an orderly procedure for setting criminal cases and expressly places the control of that process under the supervision of the trial court, not a party litigant. The policy expressed in this provision recognizes the role of the trial judge in insuring the prompt disposition of criminal cases." (citation omitted)).

Here, it is clear that the trial court did not abuse its discretion by denying the continuance. Regardless of the fact that the two attorneys agreed together that they would seek a continuance, "attorneys should not presume that a continuance will be granted." Singleton, 278 Va. at 552. In observing that it would be a year before the case would be brought back on the docket, the trial court recognized its role in ensuring the prompt disposition of the case. See Williams, 2 Va. App. at 569. Thus, the court's decision was well within its inherent authority to efficiently administer the cases on its docket.

Additionally, husband has failed to articulate how the trial court's ruling prejudiced him. The trial court entered the divorce decree as planned following the previous *ore tenus* hearing. Indeed, at the 1:00 p.m. hearing, husband's counsel maintained that husband was seeking a divorce, which is what the trial court ordered. Husband argues that he was prejudiced by the trial court not granting the continuance because it thereby entered an order that contained facts that could be detrimental to the pending marriage fraud case. As we note below, however, we will not address any claim that the decree contains facts contrary to evidence because the *ore tenus* hearing transcript was not made a part of the record in this case. Accordingly, husband has failed to articulate an abuse of discretion by the trial court or any resulting prejudice to husband because of the court's ruling.

### B. Opportunity to be Heard

Husband additionally asserts that the trial court "abused its discretion" and "erred as a matter of law" by not allowing him the "opportunity to argue or articulate the substantive objections to the order." We agree with husband that "'within the limits of practicability' . . . a State must afford to all individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause." Fox v. Fox, 41 Va. App. 88, 94 (2003) (quoting Blinder, Robinson & Co. v. State Corp. Comm., 227 Va. 24, 28 (1984)). However, we disagree with husband's argument that he was not afforded a meaningful opportunity to be heard in this case.

Husband participated throughout the divorce process. The trial court held an evidentiary hearing, in which husband was allowed to present evidence, prior to the date in which the court was to enter the order. Although we note again that husband failed to make that transcript part of the record in this case, he does not argue that he was prevented in any way from meaningfully participating in the evidentiary hearing. When neither husband nor husband's counsel appeared at the scheduled time for the hearing to enter the decree, the court continued entry of the decree

for several hours so husband could be represented. The trial court received husband's proposed order. Having received the two competing orders, the trial court heard argument from both sides regarding the differences in the orders. The trial court decided to accept wife's order and directed husband to write out his objections to that decision before the court signed wife's proposed order. We fail to see the basis for husband's argument that he was not provided a "meaningful opportunity to be heard." See id.

### C. Motion to Reconsider

Husband also argues that the trial court "abused its discretion by not granting the motion for reconsideration, especially when apprised of wife's counsel's consent and representation that he would seek a continuance." We disagree.

"After a court has concluded an evidentiary hearing 'during which each party had ample opportunity to present evidence, it [is] within the court's discretion to refuse to take further evidence on this subject.'" Holmes v. Holmes, 7 Va. App. 472, 480 (1988) (first alteration in original) (quoting Morris v. Morris, 3 Va. App. 303, 307 (1986)). To establish an "entitlement to a rehearing, a petitioner must show either an 'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree.'" Id. (quoting Downing v. Huston, Darbee Co., 149 Va. 1, 9 (1927)). Husband failed to do either.

Husband fails to articulate an error on the face of the record. Husband's argument only pertains to facts regarding cohabitation that he claims were disputed. This argument is not tantamount to an "error on the face of the record." See id. Secondly, and as noted above, husband did not appear for the hearing at which husband claims he should have been granted a continuance. An agreement with opposing counsel to seek a continuance is not a "legal excuse for his failure to present his full defense at or before the time of entry of the decree." Id. Husband does not dispute that he was not present at that hearing and that he had scheduled

another matter in another court at the same time. Therefore, the trial court did not abuse its discretion in denying husband's motion for reconsideration.

D. Defaulted Assignments of Error

Finally, we address those assignments of error that were defaulted. Husband asserts that the trial court "abused its discretion" and "erred as a matter of law" by "entering the wife's version of the divorce decree containing facts not supported by the evidence, including the issue concerning the timing of the formulation of intent to permanently separate." Husband argues that the issue of whether the parties ever "cohabitated" and the existence of several of the factors of "cohabitation" are at issue in the pending marriage fraud case. Thus, where the divorce decree notes that the parties "cohabitated" it suggests that any or all of the factors of cohabitation are satisfied. Husband asserts that this represents facts not supported by the evidence. However, the *ore tenus* hearing transcript was not made a part of the record in this case. Without the *ore tenus* hearing transcript, we cannot evaluate whether the trial court's findings regarding cohabitation and the corresponding dates were plainly wrong or without evidence to support them. Accordingly, we will not address this argument. See Rule 5A:8(b)(4)(ii) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered.").

Husband also argues that the trial court abused its discretion by allowing wife's counsel to tender an order, despite wife's counsel's agreement and representation that he would seek a continuance of the matter. This argument is waived, however, pursuant to Rule 5A:20. Rule 5A:20 provides that the opening brief shall contain:

> a clear and concise statement of the facts that relate to the assignments of error[.] . . . The standard of review and the argument (including principles of law and authorities) relating to each assignment of error. . . . With respect to each assignment of

- 7 -

> error, the standard of review and the argument–including principles of law and the authorities–shall be stated in one place and not scattered through the brief.

Husband's brief, however, fails to address assignment of error five at all beyond listing it among the others at the outset of the document. The argument section of husband's brief makes no mention of assignment of error five. Thus, there is no "clear and concise statement of the facts that relate to that" argument and no "standard of review and . . . argument (including principles of law and authorities) relating to [that] assignment of error." Rule 5A:20. Accordingly, any argument with respect to assignment of error five is waived and will not be addressed on appeal.

## III. CONCLUSION

Husband's attorney improperly assumed that the trial court would continue the scheduled hearing and, thus, failed to appear at that hearing. The trial court continued the hearing for several hours to enable husband's attorney to be present for argument and for the entry of the final decree. Husband did have an opportunity to submit his proposed order and to make objections to the wording of wife's order. The trial court did not abuse its discretion in denying husband additional time to present argument. For these reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>