COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Athey and Senior Judge Frank
Argued by videoconference


ALAN H. NIELSEN
                                                    MEMORANDUM OPINION* BY
v.      Record No. 0037-21-4                        JUDGE WILLIAM G. PETTY
                                                    JULY 27, 2021
JACQUELINE M. NIELSEN


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

John H. Kitzmann (Hope F. Rosen; Davidson & Kitzmann, PLC;
ShounBach, on briefs), for appellant.

Lawrence D. Diehl ((Barnes & Diehl, P.C., on brief), for appellee.


Alan H. Nielsen (husband) appeals the trial court's calculation of spousal support awarded

to Jacqueline M. Nielsen (wife).[1]  For the reasons below, we affirm.

BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum

opinion carries no precedential value, we recite below only those facts and incidents of the

proceedings as are necessary to the parties' understanding of the disposition of this appeal.  "When

reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the

prevailing party, granting it the benefit of any reasonable inferences."  Shah v. Shah, 70 Va. App.

588, 591 (2019) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)).

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1]  In a companion case decided this day, Jacqueline M. Nielsen v. Alan H. Nielsen, No.
0010-21-4 (Va. Ct. App. July 27, 2021), this Court affirmed the trial court's finding that a
material change of circumstances had occurred.

ANALYSIS

"Upon petition of either party, a court may . . . [modify] . . . spousal support . . . as the circumstances may make proper." Moreno v. Moreno, 24 Va. App. 190, 195 (1997) (alterations in original) (quoting Code § 20-109). "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Id. (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605 (1989)). "The 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Hollowell v. Hollowell, 6 Va. App. 417, 419 (1988). "When a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" Chaney v. Karabaic-Chaney, 71 Va. App. 431, 435 (2020) (quoting Dodge v. Dodge, 2 Va. App. 238, 246 (1986)). When considering whether a trial court has abused its discretion the Supreme Court has observed that

> [t]he exercise of discretion . . . presupposes "that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts — yet still remain entirely reasonable." Thomas v. Commonwealth, 62 Va. App. 104, 111 (2013) (citation omitted). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." Sauder v. Ferguson, 289 Va. 449, 459 (2015) (citation omitted).

Du v. Commonwealth, 292 Va. 555, 564 (2016). In determining whether evidence exists to support the trial court's decision, "the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894 (1991).

Here, the trial court determined that a material change of circumstances had occurred and considered whether the spousal support award should be modified. The trial court expressly noted that it considered all the factors listed in Code § 20-107.1. One of those factors is the "standard of living established during the marriage." Code § 20-107.1(E)(2). The trial court made factual findings on the parties' incomes and expenses. Husband argues on appeal only that in determining the modified spousal support amount, the trial court should not have allowed as an expense the money wife gives to her mother each month.

The trial court took into account the "financial decisions made during the marriage to maintain [the parties'] way of life" and what would be required for wife "to maintain [wife's] way of life as when [she was] married." The trial court found the "evidence [showed] that during the marriage [the money given to the mother] was something that was done during the marriage" and "the money [wife] pays to help her mother out" was part of the lifestyle established during the marriage. The trial court distinguished between that expense and the portion of wife's claimed cell phone expense that was used for her adult children. The court noted it was "a nice thing to do" to include them on her cell phone plan, but "it's not something that is required for support." Thus, the trial court expressly considered which of wife's claimed expenses were for her own support and which were for the support of others. The trial court found the money given by wife to her mother was for wife's lifestyle support.[2]

---

[2] We note that Code § 20-88 makes support of parents a legal obligation. That code section states, in part,

> It shall be the joint and several duty of all persons eighteen years of age or over, of sufficient earning capacity or income, after reasonably providing for his or her own immediate family, to assist in providing for the support and maintenance of his or her mother or father, he or she being then and there in necessitous circumstances.

Code § 20-88.

Husband argues that <u>Robbins v. Robbins</u>, 48 Va. App. 466 (2006), and <u>deCamp v. deCamp</u>, 64 Va. App. 137 (2014), support his position. Both cases dealt with the overlap of spousal support and child support, which is not at issue here. In neither case was there a factual finding by the trial court that the expense challenged was for maintenance of the standard of living enjoyed during the marriage. <u>See</u> Code § 20-107.1(E)(2). In <u>Robbins</u>, this Court held that the trial court abused its discretion when it calculated spousal support by subtracting child support payments to negate overlapping child and spousal support items listed on the mother's expense sheet. <u>Robbins</u>, 48 Va. App. at 485. Here, there is no child support issue, so <u>Robbins</u> does not apply.

In <u>deCamp</u>, this Court noted,

> While Code § 20-107.1(E)(1) requires the consideration of the "needs" of the "parties," the statute does not (as the child support statute does) create a mathematical formula primarily reliant on the input of financial data. Instead, § 20-107.1(E) requires only the factfinder to "consider" the estimated needs of the parties. By doing so, the statute thus authorizes a flexible, commonsense approach to this aspect of the factfinding exercise.

<u>deCamp</u>, 64 Va. App. at 145 (quoting <u>Robbins</u>, 48 Va. App. at 484 n.10). Here, the trial court found, based on the testimony presented, that the money given to wife's mother was a financial need of wife for the maintenance of the lifestyle established during the marriage rather than a financial need of a third party. The trial court, as the factfinder, "was then free to consider and weigh the evidence of [wife's] estimated needs and award spousal support within its discretion." <u>Id.</u> at 146. These needs include wife's lifestyle of charitable contributions to her mother. We acknowledge that "conscientious jurists could reach different conclusions based on exactly the same facts" as presented here. <u>Du</u>, 292 Va. at 564. The trial court's decision to treat the money given by wife to her mother as a component of lifestyle was, however, within the "bell-shaped

curve of reasonability." Id.; see also id. (recognizing "that the judge closest to the contest is the judge best able to discern where the equities lie").

Moreover, the trial court noted that husband did not provide evidence to challenge the amount of money wife claimed as an expense related to her mother. The trial court found that the support for the mother had been a longstanding part of the marriage finances and had continued when the original spousal support determination was made. Husband provided no evidence that the amount of support given by wife to her mother now was different from the amount, or value, given during the marriage.

The "record here reflects that the circuit court properly *considered* the estimated needs of wife" and acted within its discretion in awarding wife an appropriate spousal support amount. deCamp, 64 Va. App. at 147.

Husband seeks an award of attorney's fees and costs in this appeal. "Because wife prevailed in this appeal, we deny husband's request for attorney's fees and costs." Harrison v. Harrison, 58 Va. App. 90, 106 (2011).

## CONCLUSION

For these reasons, we affirm the decision of the trial court.

Affirmed.