COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Causey and Senior Judge Frank

MEISHA HENLEY

MEMORANDUM OPINION*
v.    Record No. 0683-21-2                              PER CURIAM
                                                       OCTOBER 26, 2021

HENRICO DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Rondelle D. Herman, Judge

(M.G. Henkle; Henkle Law Firm, on brief), for appellant. Appellant
submitting on brief.

(Karen E. Dottore, Assistant County Attorney; Lisa Piper, Guardian
*ad litem* for the minor child; Family Law Associates of Richmond,
on brief), for appellee. Appellee and Guardian *ad litem* submitting
on brief.


Meisha Henley (mother) appeals an order withdrawing her appeal of the Henrico County

Juvenile and Domestic Relations District Court (the JDR court) orders that terminated her parental

rights to her child and approved the foster care goal of adoption. Mother argues that the circuit

court abused its discretion when it denied her continuance request at the hearing for her appeal on

March 30, 2021, and treated her appeal as withdrawn upon her failure to appear. Upon reviewing

the record and briefs of the parties, we conclude that the circuit court did not err. Accordingly, we

affirm the decision of the circuit court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

On appeal, "we view the evidence in the light most favorable to the prevailing party, in this case, the Department, and grant to it all reasonable inferences fairly deducible from the evidence." King v. King George Dep't of Soc. Servs., 69 Va. App. 206, 210 (2018) (quoting C. Farrell v. Warren Cnty. Dep't of Soc. Servs., 59 Va. App. 375, 420-21 (2012)).

Mother is the biological parent to the child who is the subject of this appeal. On January 21, 2021, the JDR court terminated mother's parental rights to the child under Code § 16.1-283(C)(2) and approved the foster care goal of adoption. Mother appealed the JDR court's orders to the circuit court.

Mother was present in the circuit court with counsel when the circuit court set the matter for trial. On March 30, 2021, mother failed to appear for trial.[2] The Henrico Department of Social Services (the Department) moved the circuit court to consider the appeal withdrawn under

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] Mother failed to file a transcript or written statement of facts in lieu of a transcript of the March 30, 2021 hearing. See Rule 5A:8. We find that a transcript or written statement of facts in lieu of a transcript is not indispensable for a review of mother's assignment of error. See Bay v. Commonwealth, 60 Va. App. 520, 528-29 (2012); Shiembob v. Shiembob, 55 Va. App. 234, 246 (2009); Anderson v. Commonwealth, 13 Va. App. 506, 508-09 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100 (1986).

Code § 16.1-106.1(D).[3]  Mother's counsel objected to the motion and requested a continuance.  The circuit court granted the Department's motion and ordered the withdrawal of mother's appeal.  This appeal follows.

## ANALYSIS

Mother argues that the circuit court abused its discretion by denying her continuance request and remanding her appeal to the JDR court upon her failure to appear for trial.  She asserts that the continuance "would have caused little if not any harm" because her child was only seven years old, he was in the Department's custody, and adoption was not a viable goal within the near future.  Mother argues that had the continuance been granted, she could have participated in the proceeding and the circuit court could have heard her evidence.

"The decision of whether to grant a continuance is committed to the discretion of the circuit court.  We will reverse 'a circuit court's ruling on a motion for a continuance . . . only upon a showing of abuse of discretion and resulting prejudice to the movant.'"  Shah v. Shah, 70 Va. App. 588, 593 (2019) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34 (2007)).

Contrary to mother's arguments, the circuit court did not abuse its discretion in denying her motion for a continuance and remanding her appeal to the JDR court.  The record supports the circuit court's finding that mother voluntarily waived her right to appeal.  Mother was present when

---

[3] Code § 16.1-106.1(D) provides:

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time for setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section.  If no party appears for trial, the court may deem the appeal to be withdrawn without a motion and enter an order disposing of the case in accordance with this section.

the circuit court scheduled the trial for March 30, 2021, so she had actual notice of the hearing date. Mother had an opportunity to present evidence to the circuit court; however, she failed to appear for the hearing.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Tackett v. Arlington Cnty. Dep't of Hum. Servs., 62 Va. App. 296, 319 (2013) (quoting Logan v. Fairfax Cnty. Dep't of Hum. Dev., 13 Va. App. 123, 128 (1991)). The record reflects that the child had been in the Department's custody since August 2019, and mother had not had custody of the child since at least 2018. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Id. at 322 (quoting Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540 (1990)). Considering the record before us, the circuit court did not abuse its discretion in denying mother's continuance request and withdrawing her appeal.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.