COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and White
Argued at Richmond, Virginia


RICHARD AARON CAIN

MEMORANDUM OPINION* BY
v. Record No. 1388-21-2 JUDGE KIMBERLEY SLAYTON WHITE
SEPTEMBER 13, 2022

MILTON TODD LANGFORD AND
 JO ELIZABETH LANGFORD


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Patricia Kelly, Judge

Patrick R. Bynum, Jr., for appellant.

Susan H. Brewer (Stephanie S. Henkle, Guardian *ad litem* for the
minor children; Henkle Law Firm, on brief), for appellee.


Richard Aaron Cain appeals a final order of adoption concerning his two children. Cain

argues that the circuit court erred by "not granting a continuance of the proceedings" after learning

that Jennifer Lynne Rogers, the children's biological mother, was "unable to join him in presenting

a strong and credible defense to the adoption of his biological children." We find no error and

affirm the circuit court's judgment.

BACKGROUND

"When reviewing a circuit court's decision on appeal, we view the evidence in the light

most favorable to the party who prevailed below . . . and grant them the benefit of any reasonable

inferences." *Lively v. Smith*, 72 Va. App. 429, 432 (2020). Here, Milton Todd Langford and Jo

Elizabeth Langford (collectively the Langfords) prevailed below.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Cain and Rogers are the biological parents to the children who are the subject of this appeal.[1]  The Langfords first became involved with the family in 2017.  The Richmond Department of Social Services placed the older child, who was eight months old at the time, with them, as foster parents, for one month.[2]  The Richmond Department of Social Services had removed the older child after police officers "in Hazmat gear" executed a search warrant at a home where the child was located.  A few months later, Rogers, who was four months pregnant with the younger child, asked the Langfords if they would again care for the older child because she was homeless and planned to go to a shelter.  The Langfords agreed to care for the older child and invited Rogers to live with them, provided she abstained from drugs and followed her doctors' advice.

In January 2018, Rogers accepted the Langfords' invitation and moved into their home with the older child.  When Rogers gave birth to the younger child, the child "show[ed] signs of withdrawal symptoms" and had "respiratory issues."  Rogers and both children continued to live in the Langfords' home until Rogers left in July 2018; Rogers had attempted to take the children, but they remained with the Langfords.  Rogers had filed a petition for custody and visitation with respect to Cain, and the Langfords subsequently filed their own petitions for custody and visitation of the children.

At the custody hearing, the circuit court ordered drug screens for Cain and Rogers.  Cain's initial test was inconclusive, so the circuit court ordered Cain to submit to a hair follicle test, which was positive for methamphetamine.  The children's guardian *ad litem* reported that she attempted to visit the home where Cain and Rogers claimed they lived but discovered that the owner of the home did not know them.  The circuit court also heard evidence that Cain had "passed out" during a visit with the children and had had "inappropriate communications" with Mr. Langford.  Neither Cain

---

[1] Cain and Rogers are not married.

[2] The Langfords are not related to Cain, Rogers, or the children.

nor Rogers had had any contact with the children since December 2018.[3] After considering the evidence and arguments, the circuit court found that the older child had spent "a significant portion of his life" with the Langfords and the younger child had spent her entire life, "except for brief periods," with them. The circuit court found that the children were "thriving" in the Langfords' home and that it was in their best interests to award legal and physical custody to the Langfords and no visitation to Cain and Rogers. On February 6, 2019, the circuit court entered the custody and visitation order, which Cain did not appeal.

Approximately one year later, the Langfords petitioned to adopt the children, who were three years old and twenty-one months old at the time. Cain and Rogers did not consent to the adoption. Cain and Rogers were personally served with notice of a hearing scheduled for July 28, 2020. The parties appeared, and the circuit court scheduled a three-hour hearing for October 23, 2020. After discovering that the children's guardian *ad litem* was not available for the scheduled hearing, the circuit court entered an order continuing the matter to January 29, 2021.

All parties, except for Rogers, appeared at the January hearing. Rogers's counsel moved to continue the hearing and explained that Rogers had "turned herself in on an outstanding *capias* the night before the hearing." Cain joined the motion for a continuance, arguing that Rogers's "attendance was necessary and critical to his defense against the Langford's [sic] adoption of the two children." Cain did not proffer how Rogers was "critical to his defense" or her expected testimony. The circuit court denied the motions for continuance and found that Rogers "was trying to delay the proceedings and that [her] counsel . . . could adequately protect her interests."

At the conclusion of the hearing, the circuit court entered an interlocutory order of adoption, finding that the birth parents' consent to the adoption was not required. The circuit court considered the factors enumerated in Code § 63.2-1205 and found that the parents had not had contact with the

---

[3] Rogers was arrested on outstanding warrants in January 2019.

children since December 2018. The circuit court further found that the adoption was in the best interests of the children and ordered the Hanover County Department of Social Services (the Department) to visit the children and submit a report, as required by Code § 63.2-1212.

The Langfords subsequently filed an amended petition for adoption, asking the circuit court to revoke the interlocutory order and find that the Department's report was not necessary because the children had lived with the Langfords for at least three years immediately preceding the filing of the amended petition.[4] *See* Code §§ 63.2-1210(4) and -1211. The circuit court granted the Langfords' motion for leave to file the amended petition and revoked the interlocutory order. On September 21, 2021, the circuit court entered a final order of adoption. This appeal followed.

## ANALYSIS

Cain argues that the circuit court erred by denying his motion for a continuance when Rogers was not present. Cain contends that the circuit court "unnecessarily handicapped" his defense by denying his continuance request. For the first time on appeal, Cain argues that he was "deprived of having the court hear all the facts" and was "unable to express his position" that he and Rogers were capable of "establishing a stable and nurturing home environment for their two children."

"The decision of whether to grant a continuance is committed to the discretion of the circuit court." *Shah v. Shah*, 70 Va. App. 588, 593 (2019). "A party challenging a circuit court's denial of a motion for a continuance must demonstrate both an 'abuse of discretion *and* resulting prejudice[.]'" *Bailey v. Commonwealth*, 73 Va. App. 250, 265 (2021) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "The absence of one renders

_____

[4] The Langfords explained that the Department had not completed the visits as required by the interlocutory order.

- 4 -

inconsequential the presence of the other." *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007), *aff'd*, 275 Va. 144 (2008). "Prejudice, moreover, 'may not be presumed; it must appear from the record.'" *Id.* (quoting *Lowery v. Commonwealth*, 9 Va. App. 304, 307 (1990)).

The record does not include a transcript of the January 29, 2021 hearing, but it does include a written statement of facts in lieu of a transcript. The record fails to show that Cain proffered the substance of Rogers's expected testimony or explained how her presence was "critical to his defense."[5] Consequently, not only did the circuit court not abuse its discretion in denying the motion for a continuance, Cain also did not present, or proffer, any evidence to show that he was prejudiced by the court's decision. "'[A]bsent a showing of prejudice to [Cain] by the denial of a continuance,' we cannot find that the trial court abused its discretion" in denying his motion for a continuance. *Butler v. Culpeper Cnty. Dep't of Soc. Servs.*, 48 Va. App. 537, 544 (2006) (quoting *Cardwell v. Commonwealth*, 248 Va. 501, 509 (1994)); *see also Bailey*, 73 Va. App. at 266 ("Even if we were to conclude that no reasonable jurist would have denied the continuance request, the record before us fails to demonstrate the prejudice necessary to establish reversible error."). Therefore, this Court affirms the circuit court's denial of Cain's motion for a continuance.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed*.

---

[5] Counsel for Cain candidly admitted at oral argument that no proffer was made.