COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, O'Brien and Chaney


SARAH ELIZABETH WALKER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0742-22-3                       JUDGE VERNIDA R. CHANEY
                                                         MAY 9, 2023
JOSEPH MARK WALKER AND
  MARIA TERESA BRIA WALKER


            FROM THE CIRCUIT COURT OF THE CITY OF BUENA VISTA
                           David B. Carson, Judge

            (Benjamin Thurman, on brief), for appellant.  Appellant submitting
            on brief.

            (John C. Wirth; Grace C. Crickenberger, Guardian ad litem for the
            minor child; Nelson, McPherson, Summer & Santos, L.C.; Natkin &
            Crickenberger, P.C., on brief), for appellee.  Appellee and Guardian
            ad litem submitting on brief.


        Sarah Elizabeth Walker (mother) appeals the circuit court's final order granting the petition

of Joseph Mark Walker and Maria Teresa Bria Walker (the adopting parents) to adopt mother's

minor child (the child).  Mother contends that the circuit court erred by denying her motion to

continue after several of her witnesses failed to appear at trial.  Because mother failed to preserve

her assignments of error, this Court affirms the circuit court's judgment.

                                    BACKGROUND

        "When reviewing a circuit court's decision on appeal, we view the evidence in the light

most favorable to the party who prevailed below . . . and grant them the benefit of any reasonable

---

        [*] This opinion is not designated for publication.  *See* Code § 17.1-413.

inferences." *Lively v. Smith*, 72 Va. App. 429, 432 (2020).  In this case, the adopting parents were the prevailing parties.

Mother is the biological mother of the child.[1]  A few days after the child was born, the local Department of Social Services placed the child with close relatives due to mother's "instability and continued drug use."  In September 2019, when the child was approximately three months old, the local Department of Social Services placed the child with other close relatives—the adopting parents—with whom the child has lived ever since.  On October 9, 2021, the Henrico County Juvenile and Domestic Relations District Court awarded the adopting parents shared physical and joint legal custody of the child and granted supervised visitation to mother.

On October 14, 2021, the adopting parents filed a petition to adopt the child in the circuit court, alleging that mother had "extremely limited and inconsistent" contact and "essentially no relationship" with the child.  Mother opposed the proposed adoption, and the case proceeded to trial on April 11, 2022.  The record does not include a transcript of the trial.  On July 27, 2022, the circuit court entered a "Written Statement of Fact" detailing the evidence and arguments raised by the parties at trial.

According to the "Written Statement of Fact," mother issued several witness subpoenas twelve days before trial, some of which were not properly served.  After "[s]everal witnesses did not appear" on the day of trial, mother moved to continue the trial.  The circuit court denied the motion, but "allowed [mother] to make proffers of what these witnesses would say and allowed them to come into evidence."  The "Written Statement of Fact" notes that mother proffered the testimony of her missing witnesses, but it does not include the substance of the proffered testimony.

In support of their petition to adopt the child, the adopting parents testified that they were employed, had been married since 2001, and had three other children.  They further testified that the

---

[1] On February 11, 2022, the child's biological father consented to the adoption at issue.

child, who was almost three years old at the time of trial, had lived with them since she was three months old. They also testified "extensively concerning frequent and significant wholesome, positive and family-oriented activities of theirs with [the child], and [the child's] close connection and bond with each of them." The circuit court also heard evidence that the child had a "tight bond" with the adopting parents and referred to them as "Mommy" and "Daddy."

As to mother's involvement with the child, the adopting parents testified that mother was incarcerated from July 2019 until June 2020, and that, after her release, mother had visited the child "about seven times" for "typically . . . no more than one hour." The adopting parents explained that three of these visits occurred before they petitioned to adopt the child. They also testified that mother missed scheduled visits with the child and did not "take advantage of" their offer to visit the child virtually.

During her case-in-chief, mother testified "at length about her past struggles with substance abuse and years of efforts overcoming these issues." She testified that she "had been clean and sober for a substantial amount of time" and that "she was able to take care of [the child] and desired to have [the child] returned to her custody." Mother explained that she currently lived at a halfway house for drug offenders and that the child "could not live with her." She further testified that "if she were to have physical custody of [the child]," she and the child "would have to live in a homeless shelter."

After considering the evidence, arguments presented by the parties, and the factors from Code § 63.2-1205, the circuit court granted the adopting parents' petition for adoption. The circuit court found that mother "ha[d] expressed willingness to assume custody but the ability of her to do so ha[d] not been demonstrated." The court further found that mother's relationship with the child was "non-existent" and that removing the child from the care of the adopting parents "would be

devastating" for the child. Finding the proposed adoption to be in the child's best interests, the circuit court granted the adoption petition. This appeal followed.

ANALYSIS

Mother contends that the circuit court erred by denying her motion to continue the trial because some of her witnesses did not appear. "The decision of whether to grant a continuance is committed to the discretion of the circuit court." *Shah v. Shah*, 70 Va. App. 588, 593 (2019). "A party challenging a circuit court's denial of a motion for a continuance must demonstrate both an 'abuse of discretion *and* resulting prejudice[.]'" *Bailey v. Commonwealth*, 73 Va. App. 250, 265 (2021) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)).

Mother contends that the circuit court's denial of her motion to continue "forced [her] into a trial without the benefit of evidence that would have . . . show[ed] that she was able to take on the role of [a] parent." The record, however, does not include the proffered testimony of mother's missing witnesses. Absent the proffered testimony of these witnesses, this Court cannot determine what, if any, prejudice mother suffered as a result of the circuit court's ruling. *See Smith v. Commonwealth*, 72 Va. App. 523, 541 (2020) (stating that "[i]t is well established that a party who wishes to challenge the trial court's exclusion of evidence on appeal must provide a proffer of that evidence that is adequate to permit this Court to determine whether the lower court erred"). Indeed, mother's brief merely concludes, without further explanation, that the testimony "would have had a direct tendency to show that she was able to take on the role of [a] parent."

The record reflects that several factors supported the circuit court's denial of mother's motion to continue the trial: (i) mother issued her witness subpoenas only twelve days before trial; (ii) some of mother's subpoenas were not properly served; and (iii) the circuit court "allowed [mother] to make proffers of what these witnesses would say and allowed them to come

into evidence." The record, however, does not reflect mother's proffers of her missing witnesses' testimony, so this Court is unable to determine whether the circuit court's denial of mother's continuance request prejudiced her. "'[A]bsent a showing of prejudice to [mother] by the denial of a continuance,' we cannot find that the trial court abused its discretion" in denying her motion for a continuance. *Butler v. Culpeper Cnty. Dep't of Soc. Servs.*, 48 Va. App. 537, 544 (2006) (quoting *Cardwell v. Commonwealth*, 248 Va. 501, 509 (1994)); *see also Bailey*, 73 Va. App. at 266 ("Even if we were to conclude that no reasonable jurist would have denied the continuance request, the record before us fails to demonstrate the prejudice necessary to establish reversible error."). Accordingly, without the proffered testimony of mother's missing witnesses, the record is insufficient to substantiate her assignment of error, and we therefore do not consider it. *See Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) ("The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007))).

CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's judgment.

*Affirmed.*