COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, White and Retired Judge Frank[*]

KRISTIN LYNN BURNS

v.     Record No. 1566-22-4

KENNETH WILLIAM SULLIVAN

MEMORANDUM OPINION[**]
PER CURIAM
SEPTEMBER 12, 2023

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

(Kristin Lynn Burns, on brief), *pro se*.

No brief for appellee.

Kristin Lynn Burns (mother), *pro se*, appeals an order appointing Kenneth William Sullivan

(father) guardian for their adult son (son). Mother argues that the circuit court erred by accepting

father's petition and appointing a guardian ad litem (GAL) for son "without notice to any potential

parties." She further alleges that the circuit court erred in permitting the GAL to waive son's legal

rights in the proceeding and failing to compel son's participation in the hearing. Mother also asserts

that the circuit court erred by failing to hold an "expedient [sic] status hearing" so it could address

the "health and safety" of son and the parties' minor daughter and then hold an evidentiary hearing

to terminate father's custodial rights to daughter and guardianship of son. In addition, mother

contends that the circuit court erred by denying her access to son's mental health records and relied

on "inadequate evidence" to establish son's incompetence. She also claims that the circuit court

failed to consider "less restrictive alternatives" than the guardianship. Finally, she argues that the

---

[*] Retired Judge Frank took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

[**] This opinion is not designated for publication. *See* Code § 17.1-413(A).

circuit court erred by entering an "indefinite" guardianship, sealing the files, and denying her post-trial motions. After examining the brief and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm the circuit court's judgment.

BACKGROUND[1]

In reviewing a trial court's decision on appeal, "we view the evidence in the light most favorable" to father as the prevailing party, granting him the benefit of any reasonable inferences. *Shah v. Shah*, 70 Va. App. 588, 591 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Mother and father are divorced and are the parents of an adult son, who is the subject of this appeal.[2] The parties have an extensive litigation history with the circuit court and this Court. *See, e.g.*, *Burns v. Sullivan*, Nos. 0381-19-4, 1879-17-4, 0310-17-4, 0130-17-4, 1156-16-4, 0406-16-4, 1816-15-4, 0540-14-4, 0222-14-4, 2115-12-4, and 1040-12-4. In 2014, after finding that mother is a "vexatious litigant," the circuit court "restrained and enjoined [her] from further filings" in its court "or in any other court of the Commonwealth of Virginia without first obtaining leave of the court in which the action is to be instituted" (the pre-filing injunction

---

[1] The record in this case was sealed. We unseal only the specific facts stated in this opinion, "finding them relevant to our decision." *Daily Press, LLC v. Commonwealth*, ___ Va. ___, ___ n.1 (Oct. 20, 2022). "The remainder of the previously sealed record remains sealed." *Simms v. Alexandria Dep't of Cmty. & Hum. Servs.*, 74 Va. App. 447, 452 n.1 (2022) (quoting *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017)).

[2] The parties also have a minor daughter, of whom father has sole legal and physical custody. Following a hearing on December 17, 2013, the circuit court denied visitation to mother but ordered that she may petition for visitation after she had been "evaluated for her mental health status and for parental fitness by a licensed clinical psychologist or psychiatrist approved by the [c]ourt."

order).[3]  The circuit court instructed mother on how she was to obtain leave of court to file a motion, including filing a motion requesting leave and providing a copy of the pre-filing injunction order and a copy of the motion or pleading that she seeks to file.

Over the years, father has sought mental health services and medication for son, who has been diagnosed with autism spectrum disorder, pervasive developmental disorder, disruptive mood dysregulation disorder, generalized anxiety disorder, parent-biological child conflict, and unspecified psychosis not due to a substance or known physiological condition.  Father has obtained services and support for son through the Community Services Board and The Arc of Northern Virginia.  Due to his mental health, son has been hospitalized on "multiple occasions," including month-long stays in 2020 and 2021.  In addition, the police have responded to numerous situations involving son and his mental health.

In September 2021, son turned 18 years old, and on February 16, 2022, father petitioned to be appointed as son's guardian.  Father claimed that son was "unable to make rational decisions regarding his wellbeing, perform perfunctory activities of daily living, and . . . manage his medication properly, all of which create a substantial danger to his well-being and safety."  Father's petition named mother as one of son's living relatives.  Approximately one week after father filed the petition, the circuit court appointed a GAL for son.

The GAL subsequently met son at his temporary residence[4] and served him with a copy of the petition, exhibits, and the GAL appointment order.  The GAL read the petition to son and advised him of his rights and the GAL's role.  After the GAL read the petition to son, the GAL

_____

[3] The pre-filing injunction order does "not apply to any appeal [mother] may wish to take from a decision of a trial court."

[4] Son was hospitalized in early 2022 "due to a psychotic breakdown."  Following his hospitalization, he resided in a crisis therapeutic home.  He remained there until September 2022, when he transferred to a facility that specialized in supporting people with "intense behavioral needs."

asked him if he consented to or opposed the petition.  Son responded "inconsistent[ly]" because he initially said he opposed the petition and then said that he supported the petition.

Given his inconsistent responses, the GAL visited son a few weeks later.  The GAL again informed him of the petition and his rights.  After stating that he wanted his father to be his guardian, son "abruptly ended the conversation" and went back to bed.

After reviewing the relevant documents and interviewing mother, father, their teenage daughter, a "direct support professional" at the temporary residence where son was living, and the assistant director of services at The Arc of Northern Virginia, the GAL filed an answer to the petition and his report.  The GAL reported that son had no known assets and father had applied for Social Security Disability Insurance benefits on son's behalf.  The GAL noted that "[i]n accordance with Virginia Code § 64.2-2007," son "shall be regarded as having denied the allegations in the [p]etition."  He also advised that it "could or would be adverse" to son's best interests to appear in court because it would likely be "disorienting" and cause him "to become agitated and/or act out." Considering reports of son physically assaulting father and damaging the walls in his room when he became "agitated," the GAL further opined that "it would be adverse" to son's best interests to return to father's home because he required a "managed care setting."  The GAL noted that the professionals treating son reported that father had been "attentive and responsive" to son's needs and was "committed" to placing son in a residential setting that could meet his needs.  Following his investigation, the GAL recommended that the circuit court adjudicate son "legally incompetent" and appoint father as son's guardian.

While the GAL was conducting his investigation, mother noted her appearance in the matter and requested leave to file a motion.  Mother did not attach the motion she wished to file, so the circuit court found that she had not complied with the pre-filing injunction order.  Mother filed a supplemental motion seeking an "ex parte protective order hearing" in the guardianship case, as

well as the underlying custody matter. The circuit court found that it could "take no action" with her request in the custody matter because the circuit court judges had been recused from that matter in 2013. The circuit court denied mother's motion in the guardianship case but held that the ruling was "without prejudice to [mother] seeking leave to file the motion for guardianship," which appeared to be her intention in her motion for permission to file. Mother moved to reconsider the ruling, which the circuit court denied.

Mother subsequently moved for leave to file another motion in the guardianship case and attached a proposed motion for the court's review. The circuit court granted mother's motion for leave to file the motion and emphasized that it was "*solely* with respect to the guardianship" of son. Mother then filed a motion seeking a status hearing relating to *both* of her children and alleging that father had abused them. The circuit court reviewed mother's motion, found that it was "not properly before the [c]ourt," and removed it from the docket. Mother filed a revised motion for a status hearing. The circuit court entered an order, finding that it did not have jurisdiction over the parties' daughter and denied the motion to modify custody of the daughter. The circuit court found, however, that mother was a party under Code § 64.2-2004(D) and entitled to participate in the guardianship proceeding, "where evidence may be presented."[5]

Thereafter, mother filed additional motions, seeking a "[j]udicially [a]pproved [s]tatus [h]earing." Mother again requested that the circuit court meet with both children "to determine . . . how incapacitated [her] adult son is, the measure of health and capabilities [her] daughter has been able to maintain, and how to ensure both of [her] children [have] a healthier and happier future." The circuit court found that it "already heard and denied" mother's previous motion for a status hearing and her motion to reconsider. It also found that mother had not obtained leave of court to file her recent motion, so it denied her request for a status hearing. The circuit court also denied

---

[5] The circuit court scheduled the final hearing on father's motion for September 14, 2022.

mother's request to view son's sealed medical records because under Code § 32.1-127.1:03(D)(11), only guardians ad litem and attorneys representing the respondent have access to the records.

On September 14, 2022, father, by counsel, the GAL, and mother, *pro se*, appeared before the circuit court on father's petition.[6] The circuit court found that son was "unable to care for himself, manage his personal affairs, or effectively communicate his decisions regarding his health, safety, and treatment needs" due to his "mental illness." The circuit court further found that son needed a guardian "to facilitate his proper medical treatment and plan for his maximum self-reliance and independence to the extent possible, while protecting him from neglect, exploitation, or abuse." Considering all the evidence, the circuit court found that the "probable duration" of son's "incapacity, while unknown," was "not limited in duration." Finding that mother had not had any contact with son since 2013 and father had been "diligent" in seeking services to address son's mental health, the circuit court found that father was an "appropriate person" to serve as his guardian. Thus, the circuit court held that son was an "incapacitated adult" and appointed father as guardian. Finally, the circuit court ordered that "[t]his file and the fiduciary file created hereafter shall be sealed and no party, absent leave of [c]ourt granted upon the filing of a proper [m]otion, shall be allowed access to said file." Mother filed several post-trial motions, which the circuit court denied. Mother appeals.

## ANALYSIS[7]

"[A]ll trial court rulings come to an appellate court with a presumption of correctness." *Sobol v. Sobol*, 74 Va. App. 252, 272 (2022) (quoting *Wynnycky v. Kozel*, 71 Va. App. 177, 192

---

[6] The record does not include a transcript or a written statement of facts in lieu of a transcript of the September 14, 2022 hearing.

[7] Mother raises additional arguments in her amended opening brief that were not included in her assignments of error. Rule 5A:20(c) requires us to hold that these arguments are waived because they are not part of mother's assignments of error. *Fox v. Fox*, 61 Va. App. 185, 202 (2012). Therefore, we limit our review to the arguments listed in mother's assignments of error.

(2019)). "In challenging the court's decision on appeal, the party seeking reversal bears the burden to demonstrate error on the part of the trial court." *Id*. at 272-73 (quoting *Barker v. Barker*, 27 Va. App. 519, 535 (1998)). "Even *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

## I. Appointment of Guardian ad Litem

Mother challenges the circuit court's appointment of the GAL for son during the guardianship proceedings. She contends that the circuit court erred by "accepting" father's petition and "automatically appointing" the GAL "without notice to any potential parties." In addition, she asserts that the circuit court erred by "permitting" the GAL to "claim statutory authority to waive . . . son's legal rights in the proceeding, rather than defend [his] legal presumption to be 'regarded as having denied the allegations in the petition' in [C]ode [§] 64.2-2007(B)."

"[W]e review the trial court's statutory interpretations and legal conclusions *de novo*." *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 434 (2020) (quoting *Navas v. Navas*, 43 Va. App. 484, 487 (2004)). As mother concedes, Code § 64.2-2002 does not require a petitioner to provide notice of the filing of the guardianship petition to the respondent or his relatives.

Code § 64.2-2003(A) provides that "[o]n the filing of every petition for guardianship or conservatorship, the court shall appoint a guardian ad litem to represent the interests of the respondent." The circuit court does not have discretion in appointing a guardian ad litem because the statute directs the circuit court to do so "[o]n the filing of *every* petition." *Id.* (emphasis added). Code § 64.2-2003(A) does not require a circuit court to provide notice to any party before appointing a GAL. Here, the circuit court followed the statutory requirements by appointing the GAL within one week of father filing the guardianship petition.

It appears that mother also challenges the GAL's recommendations against the appointment of counsel for son and his appearance before the court.[8] First, we note that the GAL advised the circuit court that Code § 64.2-2007 required that son "be regarded as having denied the allegations in the [p]etition." In addition, the record reflects that after being appointed, the GAL personally served son with a copy of the petition, exhibits, and order appointing the GAL. The GAL advised son of his rights, including his right to counsel, and the GAL's role in the proceeding. As discussed in his report, the GAL explained to son that the GAL's role was different from legal counsel because the GAL is "an investigator" and has a "duty . . . to make an independent assessment" of the situation. Although Code § 64.2-2003 requires a circuit court to appoint a guardian ad litem, Code § 64.2-2006 gives the circuit court discretion to appoint counsel "upon the filing of the petition or at any time prior to the entry of the order upon request of the respondent or the guardian ad litem, if the court determines that counsel is needed to protect the respondent's interest."[9] According to the GAL, son initially "vacillated" about whether he wanted a lawyer and agreed to father being appointed as his guardian. The GAL discussed the situation further with son that same

---

[8] Our review of this argument is limited to the record before us, which does not include a transcript or a written statement of facts in lieu of a transcript from the circuit court hearing on father's petition. Mother admits that a court reporter was not present for the hearing but suggests that a recording from the courtroom may be available. Mother claims that she was "unable to obtain a copy" of the recording from the circuit court clerk's office and even if she could have obtained it, the cost of transcribing the recording was "cost-prohibitive." Mother asks this Court to request the circuit court to provide the transcript "without charge" to the parties. We cannot do so. "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Moreover, Rule 5A:8(c) permits a party to submit a written statement of facts in lieu of a transcript, which mother failed to do.

[9] In 2022, the General Assembly amended Code § 64.2-2003(B) to require a guardian ad litem to notify the court "as soon as practicable if the respondent requests counsel regardless of whether the guardian ad litem recommends counsel." 2022 Va. Acts ch. 381. The amendment took effect after both meetings between the GAL and son; nonetheless, the GAL included in his report that son had "vacillated" initially about wanting a lawyer and agreeing to the guardianship but shortly thereafter consented to father being his guardian.

day, and son agreed to the appointment of father as his guardian; the GAL confirmed son's consent a few weeks later. Aside from an initial comment, nothing in the record before us suggests that son wanted court-appointed counsel; after speaking with him twice, the GAL confirmed that son agreed to father being his guardian.

During his investigation, the GAL reviewed the psychological evaluations attached to the petition and interviewed son, his mental health providers, and father. The GAL concluded that it "could or would be adverse" to son's best interests to appear in court because he might "become agitated and/or act out" in the "disorienting" situation. Based on the record before us, the circuit court did not err in appointing a GAL for son. *See* Code § 64.2-2003. We further find that the circuit court did not abuse its discretion by not appointing counsel for him and not compelling his appearance in court.

## II. Denial of Status Hearing

Mother argues that the circuit court erred by "failing to hold the expedient [sic] status hearing . . . to address the health and safety" of both children. She claims that the status hearing would have offered both children an opportunity to "participate in the proceeding," "terminate" father's "custodial rights" to their daughter, and deny his petition for guardianship.

Upon mother's proper motion, the circuit court granted leave for her to file a motion "*solely* with respect to the guardianship" proceedings for son.

Notwithstanding the circuit court's clear limitation and the pre-filing injunction order, mother filed numerous motions seeking an "expedient status hearing" to "address the health and safety" of both of her children, terminate father's parental rights to their minor daughter, and "consider a relevant protective order" against father. The circuit court found that it did not have jurisdiction over the parties' daughter in the guardianship proceeding and denied mother's motion to

modify custody. The circuit court granted mother the right to participate in the guardianship hearing, "where evidence may be presented."

Mother challenges the circuit court's ruling on appeal, but aside from citing the general principle of what constitutes a "clearly erroneous" finding, she has not cited any legal authority to support her specific arguments. Rule 5A:20(e) mandates that an appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." "[U]nsupported assertions of error do not merit appellate consideration." *Winters v. Winters*, 73 Va. App. 581, 597 (2021); *see also Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992) (same). Mother's "failure to provide legal argument and authority as required by Rule 5A:20(e) leaves us without a legal prism through which to view [her] alleged error and, therefore, is significant; accordingly, we deem [her] assignment of error waived." *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017); *see also Coward v. Wellmont Health Sys.*, 295 Va. 351, 367 (2018) (same). Accordingly, we will not consider mother's arguments regarding her requests for a status hearing.

### III. Waiver of Remaining Assignments of Error

Mother's appeal includes eight additional assignments of error that concern the custody of her daughter, access to son's medical records, the guardianship proceedings, father's appointment as guardian for son, and the denial of her post-trial motions. In her opening brief, however, she states that she was unable to include "arguments specifically related to" those eight assignments of error "in the timeframe" provided and "within page limit requirements." Nevertheless, she asks this Court to "accept these assignments of error for this appeal." We cannot do so. "Absent argument and authority, an assignment of error is deemed to be abandoned." *Lafferty v. Sch. Bd. of Fairfax Cnty.*, 293 Va. 354, 365 (2017); *see also* Rule 5A:20(e). Accordingly, we find mother's remaining assignments of error abandoned, and do not consider them. *Lafferty*, 293 Va. at 365.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.[10]

*Affirmed.*

---

[10] On March 13, 2023, father, *pro se*, moved to dismiss the appeal for mother's failure to provide a transcript of the proceeding. We deny father's motion because filing a transcript is not a jurisdictional requirement; thus, not filing a transcript does not warrant grounds for dismissal of an appeal. *See Smith v. Commonwealth*, 281 Va. 464 (2011); *Browning v. Browning*, 68 Va. App. 19 (2017).

In June 2023, mother filed a motion for sanctions, and an amended motion for sanctions, because father failed to notify her of his motion. Mother also asks this Court to maintain paper files of electronic filings and order circuit courts to do the same, direct the circuit court to unseal the record in this case and provide a transcript of the final hearing, compel father and the children to remain in Fairfax County and provide mother with their contact information, and allow her "to communicate in person, by telephone, and via email" with the children. We do not have jurisdiction to consider any matters regarding the daughter because she is not the subject of this appeal. We deny mother's motion as to all other matters raised.

Mother also filed a motion for emergency injunctive relief in the Court on June 26, 2023. We deny this motion as well.