# Richmond.

## Wise v. Commonwealth.

### November 23, 1899.

1. Contempt—*Conflicting Engagements of an Attorney—Case at Bar.*—The failure of an attorney in a cause to attend court at the time of trial previously fixed with his consent is not a contempt of court where it appears that he subsequently accepted a retainer, and entered upon the trial of another cause with every reasonable expectation of being able to complete it before the time fixed for the hearing of the first cause, and, finding this impossible, notified the court of the facts, and disclosed a courteous and respectful consideration for the court.

Error to a judgment of the County Court of Henrico county, rendered December 12, 1898, in a proceeding for contempt—the Circuit Court of said county having refused a writ of error to said judgment.

*Reversed.*

The opinion states the case.

*Coalter & Wise* and *William L. Royall,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

Keith, P., delivered the opinion of the court.

This is a writ of error to a judgment of the County Court of Henrico county, imposing a fine of $20 upon George E. Wise, an attorney at law practising in said court, for an alleged con-

tempt of court committed by him. The facts stated in the bill of exceptions are as follows:

On Monday, the 12th day of December, 1898, there was upon the docket of the County Court of Henrico the case of *Commonwealth* v. *Robert Green*, upon an indictment for felony. At the November term of the court the case had been continued, and, with the consent of the plaintiff in error, had been set for trial on the 12th day of December. Upon that day the prisoner was arraigned, and the court was in readiness to proceed with the trial, but Wise, the counsel for the prisoner, did not appear, and, upon being called, did not respond. The court waited for counsel from eleven o'clock until half-past one o'clock P. M., at which time Wise appeared and was given leave to explain his absence, and stated that he was unavoidably detained in the trial of a case in the Police Court of the city of Richmond, which was called for trial about ten o'clock that morning, and which counsel believed, and had good reason to believe, would be concluded in ample time to enable him to keep his engagement in the County Court at eleven o'clock; that upon discovering that the hour of eleven was approaching, he communicated by telephone with the Commonwealth's Attorney of Henrico county, at the court-house, explaining that he was engaged in the Police Court, and asking him to so inform the judge of the County Court, and pray indulgence if the same should be found necessary; that the plaintiff in error then returned to the court-room of the Police Court, and asked a continuance of the case on trial, in order that he might attend upon the County Court, which request was declined, as the Police Justice stated that it was his rule not to continue a case after the evidence had been partly heard, and, further, that the condition of the docket of the Police Court was such as rendered the present disposal of the case necessary; that the plaintiff in error then again telephoned to the Attorney for the Commonwealth explaining his enforced delay, and asking

the indulgence of the court until he could get away from the Police Court; that he then returned to the Police Court and disposed of the trial there as quickly as possible, and went immediately to the County Court, but the County Court, not considering the reasons for the delay sufficient, imposed a fine upon the plaintiff in error of $20 for contempt of court.

We are of opinion that the facts certified do not warrant the judgment. There is nothing in the facts stated to give color to the suspicion that, in what he did, plaintiff in error intended the slightest contempt of, or disrespect to, the lawful authority of the County Court. It is true that the case was fixed for trial in the County Court with his consent, and it is true that he subsequently made an engagement which compelled him to make a choice between duties, both of which he could not at the same time perform; but it appears that he in good faith entered upon the trial of the case in the Police Court, in the reasonable expectation that it would be completed in time to enable him to keep his appointment as counsel in the case of *Commonwealth* v. *Green* pending in the County Court of Henrico. Having entered upon the trial of the case in the Police Court, with this reasonable expectation, and being unable to procure any indulgence in that court, he would have been guilty of a more serious offence, if offence it be, against the Police Justice than that with which he is charged by the County Court, for if it were an offence not to keep an engagement to be present and proceed with the case set for trial with his consent a month before, it would have been a far more serious violation of his duty to his client and to the Police Court to abandon a trial already begun in that tribunal. He was, therefore, placed in the position, if the judgment of the County Court be sound, of being punished for an election between inconsistent duties, whatever his choice might have been. The whole tenor and spirit of his conduct, when he found himself thus embarrassed, is marked not by a disposition to be guilty of a contempt of the jurisdiction of any court, but disclosed a

courteous and respectful consideration for each of them. The County Court might very properly have pursued the one or the other of two courses. It might have continued the case to another day, or to a succeeding term, or it might have proceeded with the trial in the absence of plaintiff in error, but it could not punish for a contempt of court when it is manifest that no contempt of its authority was intended, and when the facts of the case are not only consistent with innocence of any offence, but are indeed inconsistent with any other hypothesis.

The judgment of the County Court must be reversed.

*Reversed.*