Present:  Keenan, Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Lacy, S.J.

KENNETH L. SINGLETON

                                        OPINION BY
v.  Record No. 082270         JUSTICE LAWRENCE L. KOONTZ, JR.
                                     November 5, 2009
COMMONWEALTH OF VIRGINIA


GORDON ANDREW ZEDD

v.  Record No. 090012

COMMONWEALTH OF VIRGINIA


               FROM THE COURT OF APPEALS OF VIRGINIA

     In these appeals, we consider whether the evidence was

sufficient to convict two attorneys for contempt of court in

violation of Code § 18.2-456.  In Singleton v. Commonwealth,

Kenneth L. Singleton was found guilty of criminal contempt for

failing to appear for a scheduled trial of his client and for

excusing his client from appearing at the trial without the

court's approval.  In Zedd v. Commonwealth, Gordon Andrew Zedd

was found guilty of criminal contempt for excusing his client

from appearing for a scheduled trial without the court's

approval.

                            BACKGROUND

                   I. Singleton v. Commonwealth

     Darrell P. Simpson retained attorney Kenneth L. Singleton

to represent him in an appeal of a misdemeanor conviction for

driving under the influence.  The matter was originally set for trial on August 30, 2007 in the Circuit Court of the City of Norfolk.

Prior to trial, Singleton contacted the prosecutor assigned to the case regarding a continuance.  The prosecutor and Singleton agreed to a continuance of the case to September 27, 2007.  The prosecutor then prepared a continuance order and "called off" his witness in the case.  On August 28, 2007, the prosecutor and Singleton met and signed the continuance order.  Thereafter at Singleton's direction, his office informed Simpson that he did not need to appear in court for his original trial date.

On August 30, 2007, the prosecutor appeared in the circuit court and requested entry of the continuance order. The court rejected the order in light of the fact that neither Singleton nor his client was present.

Singleton, Simpson, and the prosecutor subsequently appeared before the circuit court on September 12, 2007 for a bond hearing.[1]  At that time, the court asked Singleton:  "What authority do you have to excuse a person from court?" Singleton answered by indicating that the parties had agreed

_____

[1] While the record is not clear, apparently Simpson was arrested for failing to appear on August 30, 2007, and was subsequently released on bond by a magistrate prior to the bond hearing set for September 12, 2007.

on a date to continue the case. The court asked again: "What authority do you have to excuse someone from court without a judge entering an order?" Singleton answered: "None, Your Honor." The court then found Singleton in contempt of court, fining him $250.

In his defense, Singleton explained: "I know I have no authority as a judge to excuse anyone from court, but as an officer of the court, I did believe, in good faith, that after speaking with the Commonwealth['s] Attorney, we had agreed on a date." The circuit court replied: "You do understand that nothing you talk about between counsel is an order until a judge says it's an order, right?" Singleton responded that he had signed the continuance order and that he was unaware the continuance order was not entered. The court concluded the hearing with an admonition that Singleton should never excuse a client from appearing on a scheduled trial date without knowing that a judge has in fact given approval for a continuance.

The circuit court entered a final order on September 13, 2007, finding Singleton guilty of contempt of court pursuant to Code § 18.2-456. In the final order, the court handwrote the following after the contempt charge: "[i]ntentional [i]nterference with [the] administration of justice by willfully & knowingly failing to appear for a court appearance without

3

prior court approval and further, advising his client not to appear resulting in an arrest warrant being issued for the client's arrest."

On appeal to the Court of Appeals, Singleton argued the evidence was insufficient to find him guilty of contempt because there was no evidence of contemptuous intent. Singleton also argued that the trial court denied him due process by erroneously employing summary, rather than plenary, contempt procedures.

In a published opinion, a three-judge panel of the Court of Appeals affirmed Singleton's conviction, holding that by not appearing on the original trial date and advising his client not to appear on that date, Singleton undermined the trial court's authority to control the court's docket and schedule criminal cases for trial. Singleton v. Commonwealth, 52 Va. App. 665, 671, 667 S.E.2d 23, 26 (2008). The Court of Appeals also held that Singleton was precluded from raising for the first time on appeal the argument that he should have received the procedural protections associated with plenary contempt. Id. at 672-73, 667 S.E.2d at 26. We awarded Singleton an appeal.

## II. Zedd v. Commonwealth

Kiwani Scott retained attorney Gordon Andrew Zedd to represent her in an appeal of a misdemeanor conviction for

4

reckless driving.  The matter was originally set for trial on October 2, 2007 in the Circuit Court of the City of Norfolk.

The day before the trial, Zedd contacted the prosecutor assigned to the case in order to request a continuance because of a scheduling conflict.  The prosecutor agreed to continue the case to November 6, 2007 because its key witness, the state trooper who had charged Scott, was unavailable to attend the trial.  Subsequently, Zedd contacted Scott and told her that she did not need to appear in court the next day.

Zedd and the prosecutor appeared in the circuit court the following day and submitted a joint continuance order to the court.  The court questioned Zedd about the whereabouts of his client.  Zedd stated that he had excused his client.  In response to the court's questions for why he had excused his client, Zedd noted the unavailability of the state trooper and the Commonwealth's inability to proceed.  Additionally, the prosecutor highlighted to the court that this was a joint continuance motion due to a mutual inability to proceed.[2]

At the conclusion of the proceedings on October 2, 2007, the circuit court issued a bench warrant charging Zedd with contempt of court.  Pursuant to that warrant, Zedd was arrested and processed.  On February 28, 2008, the court

_____

[2] It is unclear from the limited record before us what action the circuit court took with regard to the requested continuance.

5

entered a final order finding Zedd guilty of contempt of court pursuant to Code § 18.2-456 and imposing a fine of $50.

On appeal to the Court of Appeals, Zedd argued the evidence was insufficient to find him guilty of contempt because there was no evidence of contemptuous intent. Zedd also argued that the trial court denied him due process by erroneously employing summary, rather than plenary, contempt procedures. In addition, Zedd attempted to distinguish his case from Singleton's case, noting that unlike Singleton, he had appeared on the scheduled trial date.

The Court of Appeals in an unpublished opinion held that Zedd's appearance in court on the scheduled trial date was insufficient to distinguish his case from Singleton's case. Accordingly, for the reasons stated in Singleton, 52 Va. App. at 672-73, 667 S.E.2d at 26, the Court of Appeals affirmed Zedd's conviction. Zedd v. Commonwealth, Record No. 2621-07-1 (December 2, 2008). We awarded Zedd an appeal.

DISCUSSION

The dispositive issue in these appeals is whether there was sufficient evidence to convict Singleton and Zedd of contempt of court. The applicable standard of appellate review is well established. Where the sufficiency of the evidence is challenged after conviction, we review the evidence in the light most favorable to the Commonwealth,

6

according it the benefit of all reasonable inferences fairly deducible therefrom. Dowden v. Commonwealth, 260 Va. 459, 461, 536 S.E.2d 437, 438 (2000). As a result, we will reverse a judgment of the circuit court only upon a showing that it is plainly wrong or without evidence to support it. Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005).

Both Singleton and Zedd were convicted of contempt of court in violation of Code § 18.2-456, which states in relevant part:

> The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:
>
> (1) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice;
>
> . . . .
>
> (4) Misbehavior of an officer of the court in his official character;
>
> (5) Disobedience or resistance of an officer of the court, . . . to any lawful process, judgment, decree or order of the court.

We have long recognized that "[a]ll courts in this Commonwealth have the power to impose penalties for contemptuous conduct." Gilman v. Commonwealth, 275 Va. 222, 227, 657 S.E.2d 474, 476 (2008). Moreover, "[a] court's authority to punish contemptuous conduct is exercised to preserve the power of the court and to vindicate the court's

7

dignity." Id. Thus, in criminal contempt proceedings, it is essential to consider whether the accused intended to undermine this authority. See Potts v. Commonwealth, 184 Va. 855, 859, 36 S.E.2d 529, 530 (1946) ("any act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice is contempt") (emphasis added). In the present appeals, it is not contended that the conduct of these attorneys invoked the application of Code § 18.2-456(4) or (5). Therefore, we must decide whether the evidence was sufficient to establish that Singleton and Zedd intended "to obstruct or interrupt the administration of justice." Code § 18.2-456(1).

For more than a century, Virginia courts have required the element of intent in order to sustain a criminal contempt conviction. See Carter v. Commonwealth, 96 Va. 791, 802-03, 32 S.E. 780, 780 (1899); Wise v. Commonwealth, 97 Va. 779, 781-82, 34 S.E. 453, 453-54 (1899); Wells v. Commonwealth, 62 Va. (21 Gratt.) 500, 509 (1871); accord Robinson v. Commonwealth, 41 Va. App. 137, 143, 583 S.E.2d 60, 63 (2003) (finding intent a necessary element of criminal contempt); Carter v. Commonwealth, 2 Va. App. 392, 397, 345 S.E.2d 5, 8 (1986) (same). For purposes of resolving the present appeals, we find a review of our prior precedents instructive.

In Wells, an attorney erroneously advised his client to seek an injunction from a federal district court, sitting as a court in bankruptcy, to enjoin state circuit court proceedings. 62 Va. (21 Gratt.) at 505. When the attorney was cited for contempt of court for interfering with a state court proceeding, he filed an affidavit indicating it was his good faith belief that his client did have such a right under the law, and he intended no disrespect to the state court. Id. at 506. This Court held that, although he may have erred in judgment, the attorney could not be held in contempt because "he was acting in good faith, for what he believed to be the interest of his client, and not from disrespect to the court." Id. at 509.

In Wise, an attorney had scheduled a case for trial in a court in the City of Richmond at 10:00 a.m. with the reasonable expectation that he would finish the case in time to begin a second case scheduled at 11:00 a.m. in Henrico County. 97 Va. at 780, 34 S.E. at 453. When it became apparent that he would be late for his second case, the attorney telephoned the Commonwealth's Attorney of Henrico County and asked him to inform the judge that he was unavoidably detained in the trial of the case in the Richmond court. Id. The attorney then returned to the courtroom in the Richmond court and requested a continuance of the trial.

9

Id. The judge refused to interrupt the trial to permit the attorney to go immediately to the court in Henrico County. Id. Upon his late arrival, the court in Henrico County imposed a fine upon the attorney for contempt of court. Id. at 780-81, 34 S.E. at 453. We reversed the contempt conviction, holding there could be no contempt when "[t]here is nothing in the facts stated to give color to the suspicion that, in what he did, [the attorney] intended the slightest contempt of, or disrespect to, the lawful authority of the [court in Henrico County]." Id. at 781, 34 S.E. at 453 (emphasis added). We further stated that the court in Henrico County could have continued the case or proceeded without the attorney "but it could not punish for a contempt of court when it is manifest that no contempt of its authority was intended." Id. at 782, 34 S.E. at 454 (emphasis added).

Finally, in Carter, we considered whether the defendant had the requisite intent for criminal contempt because he sent a telegram to his attorney for use in court falsely stating that he was ill and could not appear for a scheduled trial.[3] 96 Va. at 802, 32 S.E. at 780. Carter contended that he did not make the statement for the purpose of obtaining a continuance and that no disrespect to the court was intended.

---

[3] Carter was convicted under a criminal contempt statute identical to modern-day Code § 18.2-456. See Carter, 96 Va. at 803, 32 S.E. at 780.

Id.  We affirmed Carter's conviction, however, holding that "[t]he effort to obtain a continuance . . . by means of a statement as to health which he knew to be false tended directly to impede and obstruct the administration of justice."  Id.  We went on to note that lack of intent is a defense to criminal contempt:

> It is true that with respect to conduct or language where the intent with which a thing is said or done gives color and character to the act or words, a disclaimer of any purpose to be guilty of a contempt or to destroy or impair the authority due to the court, is a good defence; but this is true only of language or acts of doubtful import, and which may reasonably bear two constructions.  In the case before us there could have been but one motive, and that to influence the action of the court with respect to a case before it by means of a statement known and admitted to be false.

Id. at 802-03, 32 S.E. at 781 (internal citation omitted).

In the appeals presently before us, nothing in either record suggests an intent on the part of the two attorneys "to obstruct or interrupt the administration of justice" as required by Code § 18.2-456(1).  In Singleton's case, the prosecutor agreed to a continuance of the case and released his witness, making it impossible for the Commonwealth to proceed to trial on the original trial date.  Similarly, in Zedd's case, the prosecutor agreed to a continuance because the Commonwealth's key witness was unavailable to appear and testify on the original trial date.  Unquestionably,

11

Singleton's absence on the scheduled trial date and his release of his client is entirely consistent with his asserted good faith belief that the circuit court would grant the mutually requested continuance because of the Commonwealth's inability to proceed to trial on the scheduled trial date. Likewise, the evidence is entirely consistent with Zedd's assertion that he excused his client from appearing on the scheduled trial date on the reasonable expectation that the court would grant the mutually requested continuance because of the Commonwealth's inability to proceed to trial without its necessary witness. Accordingly, we hold that the evidence was insufficient to establish that Singleton or Zedd intended "to obstruct or interrupt the administration of justice." In the absence of such intent, we further hold that the evidence is insufficient to sustain their convictions for criminal contempt under Code § 18.2-456(1). Accordingly, the Court of Appeals erred in finding the evidence sufficient to convict Singleton and Zedd of contempt of court.

In reaching our resolutions of these appeals, we are not unmindful of the trial court's "inherent authority to administer cases on its docket." Yarbrough v. Commonwealth, 258 Va. 347, 361, 519 S.E.2d 602, 608 (1999). Certainly, whether a continuance should be granted rests within the sound discretion of the trial court. Cardwell v. Commonwealth, 248

Va. 501, 508, 450 S.E.2d 146, 151 (1994). In that regard, we take this opportunity to stress that criminal defense attorneys and as well attorneys for the Commonwealth, in the absence of an established contrary policy by a particular trial court, should not follow a practice of agreeing to a continuance of a pending case under circumstances that essentially limit, as a practical matter, the trial court's ability to exercise its discretion whether to grant a continuance. When critical witnesses are excused prior to the granting of a continuance by the trial court, the discretion of the trial court to grant a continuance under such circumstances is severely limited. Experience teaches that when continuances are requested in a timely fashion and for the reasons typified by the circumstances in the present cases, the trial courts will routinely ensure that by granting a continuance both parties will be afforded a trial on the merits of a particular case. Undoubtedly, the better practice would dictate that until the trial court enters a continuance order, the defense attorney should appear in court on the date scheduled for trial with his or her client and request the continuance. Similarly, the attorney for the Commonwealth should appear in court and not excuse its witnesses in anticipation that the trial court will grant a mutual request for a continuance. In short, in the absence of the entry of a

continuance order prior to the scheduled trial date, attorneys should not presume that a continuance will be granted.

CONCLUSION

For these reasons, we will reverse the judgment of the Court of Appeals sustaining Singleton's conviction of contempt of court in violation of Code § 18.2-456, and will vacate that conviction.  We will also reverse the judgment of the Court of Appeals sustaining Zedd's conviction of contempt of court in violation of Code § 18.2-456, and will vacate that conviction.[4]

Record No. 082270 – <u>Reversed and vacated</u>.
Record No. 090012 – <u>Reversed and vacated</u>.

---

[4] In light of our resolution of these appeals on the sufficiency of the evidence issue, we need not address the remaining issue raised.

14