COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges AtLee, Causey and Friedman
Argued at Norfolk, Virginia


WENDELL WYNDALE WILSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0564-22-1          JUDGE RICHARD Y. ATLEE, JR.
                                                         MAY 16, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Stephen J. Telfeyan, Judge

Michelle C. F. Derrico, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

David A. Mick, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


        The Circuit Court for the City of Chesapeake ("trial court") convicted Wendell Wyndale

Wilson of criminal contempt in violation of Code § 18.2-456.  Wilson challenges the sufficiency of

the evidence, asserting that his failure to comply with a court order was neither willful nor

unreasonable.  For the following reasons, we affirm the trial court's judgment.

                                    I. BACKGROUND

        On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413.

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

On June 7, 2018, Wilson stood trial for misdemeanor assault and battery on a family member in violation of Code § 18.2-57.2. The juvenile and domestic relations district court (the "JDR court") entered an order on June 7, 2018, deferring disposition of the charge under Code § 18.2-57.3 until June 11, 2020. The JDR court conditioned the deferral upon Wilson having no contact with his wife and completing an anger management course through the Community Corrections Agency ("CCA").

On June 6, 2020, the JDR court issued a capias alleging that Wilson had failed to obey a court order "ordering CCA compliance." Based on Wilson's failure to comply with the CCA condition, the JDR court entered a finding of guilt on the assault and battery charge. It also found him guilty of contempt.

On August 31, 2020, Wilson appealed both convictions to circuit court and, following multiple continuances, stood trial on March 14, 2022. CCA office coordinator Nancy Thomas testified that CCA received Wilson's paperwork in June 2018, but he did not report to CCA until January 2020. CCA assigned Wilson a probation officer, and on February 4, 2020, Wilson was referred to a Batterer's Intervention Program. CCA directed Wilson to contact the office on March 31, 2020, and to "check[] in" with his probation officer at least once each month. On February 13, 2020, Wilson notified CCA that he was living with his brother; after that date, Wilson did not communicate with CCA further. On March 11, 2020, CCA left several voicemail messages on his brother's phone, but Wilson never responded. Thomas acknowledged that, due to the Covid-19 pandemic, CCA personnel operated through "telephone contact" with probationers in March 2020 because the office had "shut down."

- 2 -

Wilson testified that he was incarcerated in Chesapeake City Jail on unrelated charges from 2018 until January 20, 2020. Upon his release, he resumed living with his wife in accordance with the instructions from his Department of Corrections probation officer. After his CCA probation officer reminded him of the "no contact" condition, Wilson moved out and slept in his car until he received permission from the trial court to return home in March 2020. He stated that he called his CCA probation officer in late February 2020 and early March 2020. Wilson explained that he inquired about registering for the domestic violence class on February 5, 2020, but he did not have the means to pay the fee at that time. Although he was employed by the end of February 2020, he never attended the class or any other domestic violence counseling. Wilson admitted that pandemic concerns did not prevent CCA from offering the class in February 2020.

The trial court recognized that Wilson made an initial inquiry about the domestic violence class, but it found that Wilson made no further effort to comply with the JDR court's directive to complete the class. The trial court convicted Wilson of contempt in violation of Code § 18.2-456.[1] Wilson appeals.

## II. ANALYSIS

On appeal, Wilson argues that the evidence was insufficient to find him in contempt of court when his failure to comply with the court order was neither willful nor unreasonable. We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.*

---

[1] The trial court dismissed Wilson's appeal of his JDR court conviction for assault and battery upon the Commonwealth's motion that the court lacked authority to consider the appeal under Code § 18.2-57.3(F).

(alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Wilson asserts that the evidence was insufficient to prove he violated Code § 18.2-456(5) because it did not demonstrate he possessed "a willful intent to undermine the authority of the court" or that he refused unreasonably to comply with the JDR court order. He contends that a knowing failure to comply with a court directive is insufficient to prove contempt; instead, the evidence must prove "an intent to disrespect the court." Wilson maintains that the evidence failed to prove that the required anger management class was available between February 2020 and the June 11, 2020 deadline for completion of the class. Wilson contends that the six-month window of opportunity to complete the domestic violence class was not reasonable due to his incarceration until January 2020, the pandemic, and his housing and employment issues. In short, he asserts that the evidence failed to prove "his inability to complete the domestic violence assessment was intended to interfere with the administration of justice or to embarrass or disrespect the trial court."[2] We disagree.

---

[2] Wilson also argues that he could not complete the class after June 2020 because he lacked a court referral. He did not make this argument in the trial court, however. Accordingly, as he raises this argument for the first time on appeal, he has failed to preserve it for appellate review. Rule 5A:18. "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." *Perry v. Commonwealth*, 58 Va. App. 655, 666 (2011). A trial court must be alerted to the precise issue to which a party objects. *See Kelly v. Commonwealth*, 42 Va. App. 347, 354 (2004). "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, [Wilson] does not argue these exceptions and we will not invoke them *sua sponte*."

- 4 -

Wilson argued to the trial court that he "had every intention of attempting to get the Batterer's Intervention Program done as soon as he c[ould]," but "[p]resumably," the pandemic "complicated" his completion of the class. Due to the pandemic, the confusion about the no contact requirement, and his incarceration resulting in an abbreviated time frame to complete the class by June 2020, he maintained that "it's a bit unfair" to find him in contempt for failing to complete the class.

We review a trial court's adjudication of contempt for abuse of discretion. *Barnhill v. Brooks*, 15 Va. App. 696, 704 (1993). Code § 18.2-456 provides, in pertinent part, that a court may hold an individual in contempt for "[d]isobedience . . . to any lawful . . . judgment, decree, or order of the court." Code § 18.2-456(A)(5).[3] "A trial court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'" *Alexander v. Alexander*, 12 Va. App. 691, 696 (1991) (alteration in original) (quoting *Carswell v. Masterson*, 224 Va. 329, 332 (1982)). This "principle applies to the oral orders, commands and directions of the court," as well as written orders. *Robertson v. Commonwealth*, 181 Va. 520, 537 (1943).

"There is no question that 'the element of intent' must be present for a defendant to be found guilty of contempt." *Abdo v. Commonwealth*, 64 Va. App. 468, 476 (2015) (quoting *Singleton v. Commonwealth*, 278 Va. 542, 549 (2009)). "Contempt under Virginia law is '"an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute."'" *Id.* (quoting *Robinson v. Commonwealth*, 41 Va. App. 137, 142 (2003)). "[W]illfulness or recklessness satisfies the intent element necessary for a finding of criminal

---

*Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010). Thus, we address only Wilson's argument that the evidence failed to prove that he willfully or unreasonably failed to comply with the court's directive to complete the CCA domestic violence class.

[3] Code § 18.2-456 was amended, effective July 1, 2019, but the relevant language was unchanged.

contempt." *Id.* at 477. Although "[t]he word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental," the term, "when used in a criminal statute[,] . . . generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely[.]" *Id.* (second and fifth alteration in original) (quoting *Barrett v. Commonwealth*, 268 Va. 170, 183 (2004)).

Often, "'willfulness' must be established through circumstances." *Correll v. Commonwealth*, 42 Va. App. 311, 325 (2004), *aff'd*, 269 Va. 3 (2005). "Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the *only* method of proof." *Abdo*, 64 Va. App. at 475-76 (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)). "Intent may be shown by the circumstances, including a person's conduct and statements." *Robertson v. Commonwealth*, 31 Va. App. 814, 820 (2000). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion [of guilt].'" *Rams v. Commonwealth*, 70 Va. App. 12, 37 (2019) (alteration in original) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).

Here, the circumstantial evidence supported a rational finding that Wilson acted "without justifiable excuse" for failing to complete the CCA domestic violence class. *Abdo*, 64 Va. App. at 477 (quoting *Barrett*, 268 Va. at 183). The evidence proved that Wilson knew he was required to complete the domestic violence class but never attempted to register for it or complete it after his release from incarceration. Moreover, the evidence proved that he ceased all contact with CCA after February 13, 2020, despite having an appointment in March 2020 and being instructed to contact CCA monthly. Viewed as a whole, the evidence supported the trial court's finding that Wilson willfully failed to comply with the court's order to complete the CCA domestic

violence class. Accordingly, the evidence was competent, credible, and sufficient to prove beyond a reasonable doubt that Wilson was guilty of contempt.

### III. CONCLUSION

For the reasons stated, the trial court's judgment is affirmed.

*Affirmed.*