COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Causey and Friedman
Argued by videoconference


KERRY LENNELL BOONE

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0608-24-1                          JUDGE RANDOLPH A. BEALES
                                                                APRIL 15, 2025
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Everett A. Martin, Jr., Judge

            Cole M. Roberts (Law Office of Eric Korslund, P.L.L.C., on brief),
            for appellant.

            Andrew T. Hull, Assistant Attorney General (Jason S. Miyares,
            Attorney General, on brief), for appellee.


       The Circuit Court of the City of Norfolk found Kerry Lennell Boone in contempt of court, in

violation of Code § 18.2-456(A)(1), and the court sentenced him to three days in jail.  On appeal,

Boone challenges the circuit court's finding that he was in contempt of court, arguing that the circuit

court erred in finding him in contempt after it had ordered inpatient therapy to restore his

competency to stand trial in a separate matter.

                                      I.  BACKGROUND

       During a separate criminal proceeding, Boone appeared before the circuit court with his

counsel.  Boone's counsel and the attorney for the Commonwealth asked the circuit court to

adopt the recommendations of a doctor who had evaluated Boone and to order that Boone's

competency to stand trial be restored through inpatient services.  Boone then addressed the

circuit court himself, describing several handwritten motions that he had filed *pro se* and stating,

_____
       * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

"I have no clue why I need any type of competency evaluation."[1]  Boone then told the circuit

court that he had been dissatisfied with the services of the three attorneys who had represented

him in the matter, in part because they had refused to file certain motions on his behalf.  The

circuit court noted that counsel "has an obligation not to file a motion he thinks is frivolous," and

that the court does not have to consider *pro se* motions filed independently by individuals who

are already represented by an attorney.[2]  As Boone's exchange with the circuit court continued,

he interrupted the court several times.  At one point, the circuit court judge looked at Boone and

admonished, "Please don't interrupt me," to which Boone replied, "No, you please don't

interrupt me."  As Boone's counsel attempted to answer an inquiry by the circuit court, Boone

again interrupted the discussion between his attorney and the court.  The circuit court warned

Boone that he was "close to being found in contempt."  Boone once again addressed the circuit

court, twice calling his current attorney "incompetent" despite the circuit court's disagreement

with that assessment.  After the circuit court ordered that Boone "be evaluated on an inpatient

basis to restore his competency," Boone said to the judge, "[Y]ou need to be evaluated yourself."

---

[1] Despite being represented by counsel, Boone independently filed multiple *pro se* motions in the circuit court.  This Court has explained, however, that allowing an individual who is represented by counsel to independently file motions can

> potentially undermine his counsel's trial strategy and tactics, and places the trial courts and the prosecution in the position of not knowing who is actually conducting the defense.  The resulting confusion places an undue burden on the defendant's counsel and interferes with counsel's ability and obligation to effectively represent his client, though it does not clearly waive that obligation.  Permitting preventable confusion in the adversary process undermines effective advocacy by the parties involved as well as administration of justice by the courts.

*Robinson v. Commonwealth*, 72 Va. App. 244, 249 (2020).

[2] Indeed, "a court need not permit 'hybrid representation.'"  *Hammer v. Commonwealth*, 74 Va. App. 225, 242 (2022) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 503 (2005)).

- 2 -

The circuit court then found Boone in contempt of court and imposed a sentence of three days in jail. Boone responded to the circuit court's finding of contempt by stating, "I'm not incompetent, sir. I'll appeal it. Please note my appeal. I'm not incompetent." Boone's counsel was present there in the courtroom right next to Boone, including during the contempt portion of the proceeding. He did not add anything to what Boone said. Counsel for Boone has now filed this appeal to this Court.

## II. ANALYSIS

Under Code § 18.2-456(A)(1), "[t]he courts and judges may issue attachments for contempt, and punish them summarily," for "[m]isbehavior in the presence of the court." "Virginia courts have long recognized that the 'power to punish for contempt is inherent in, and as ancient as, courts themselves.'" *Parham v. Commonwealth*, 60 Va. App. 450, 455 (2012) (quoting *Carter v. Commonwealth*, 2 Va. App. 392, 395 (1986)). *See also Nicholas v. Commonwealth*, 186 Va. 315, 321 (1947) ("The power of courts to punish for contempt is inherent and an important and necessary arm in the proper discharge of the functions committed to them by fundamental law."). Addressing the rationale for why courts have this power to immediately punish for summary contempt, this Court has stated:

> No litigant is expected to cheerfully agree with an adverse judicial ruling. Nor, for that matter, do courts attempt to exercise any control over a disappointed litigant's temptation to harbor disrespect for either the courts or their decisions. But courts do rightly expect a disrespectful litigant to keep h[is] insolent thoughts to h[im]self and to refrain from exhibiting contemptuous behavior in open court. Such petulance breeds defiance of, and disdain for, the judiciary, while accomplishing absolutely nothing toward addressing the alleged error that provoked the litigant to misbehave in the first place.

*Parham*, 60 Va. App. at 459.

On appeal, Boone contends that the circuit court erred in finding him in contempt of court right after ordering that his competency be restored so that he could stand trial in a separate

- 3 -

criminal proceeding.  Neither Boone nor his counsel, however, objected to the circuit court's finding of contempt either during the hearing or while the matter remained within the bosom of the circuit court (i.e., either before the judge entered the written order of contempt or within 21 days after entering that order).  Furthermore, neither Boone nor his counsel made any indication to the circuit court that Boone's counsel was not representing Boone during the contempt portion of that hearing.  Boone's counsel is, in fact, still representing Boone on appeal in this case.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."  Rule 5A:18.  "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials."  *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).  "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity."  *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).  "Not just any objection will do.  It must be both specific and timely—so that the trial judge would know the particular point being made *in time to do something about it*."  *Id.* (emphasis added) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

It is well-settled that "Rule 5A:18 applies to bar even constitutional claims."  *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009) (quoting *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004)).  Indeed, the Supreme Court has clearly stated, "If a criminal defendant fails to preserve an issue in the trial court, he can waive claimed violations of his constitutional right."  *Jones v. Commonwealth*, 293 Va. 29, 47 (2017).  The Supreme Court further emphasized, "Procedural default principles, including Rules 5:25 and 5A:18, still apply,

- 4 -

as do traditional finality principles protecting judgments no longer within the trial court's active jurisdiction." *Id.* at 48.

In this case, Boone did not raise a specific objection to the circuit court's contempt finding—as required by Rule 5A:18—at a time when the circuit court could have actually addressed the claim and could have taken some additional action, if necessary. Rather, Boone only indicated that he objected to the circuit court's order from the bench that Boone "be evaluated on an inpatient basis to restore his competency," stating:

> I'm not incompetent, sir. I'll appeal it. Please note my appeal.
> I'm not incompetent.

Neither Boone nor his attorney objected to Boone's being found in contempt (although Boone himself then objected strenuously to being found incompetent to stand trial in a separate proceeding). Consequently, Boone and his attorney have waived any objection to the circuit court's contempt finding. *See United States v. Tucker*, 60 F.4th 879, 889 (4th Cir. 2023) (recognizing the well-settled principle of appellate review that a defendant's failure to make a timely objection to a ruling of the trial court waives any later challenge to that ruling, and explaining that "[t]his remains true even if the defendant 'has been deemed mentally incompetent and unable to understand and assist in the proceedings against him,' so long as the defendant 'has continuously been represented by counsel responsible for choosing his legal strategy and protecting his interests'" (quoting *United States v. Curbow*, 16 F.4th 92, 117 (4th Cir. 2021))). However, despite all these admonitions from the Supreme Court, from this Court, and from the Fourth Circuit about the absolute requirement to preserve such an argument for appeal, the dissent insists it can still address the merits of this case on appeal—and simply will do so, despite binding precedent that clearly directs us to do otherwise, including recently from the Supreme Court in 2017 in *Jones v. Commonwealth*.

Furthermore, despite being continuously represented by counsel at the hearing before the circuit court, Boone's counsel failed to make any objection to the circuit court's contempt finding—before the hearing ended, before the order was signed, or within 21 days after the order was signed while the matter was still in the bosom of the circuit court. *See* Rule 1:1(a) ("All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."). During oral argument before this Court, Boone's counsel conceded that "the behavior that Mr. Boone demonstrated in front of Judge Martin from the Circuit Court of Norfolk was contemptuous behavior" and "was direct contempt."[3] However, Boone's counsel sought to explain his failure to object timely to the circuit court's contempt finding by stating that he could not have objected to the circuit court's contempt finding because he was not appointed to represent Boone on the issue of contempt. Even if Boone's counsel had not yet been appointed to represent Boone on the issue of contempt when the circuit court found Boone in contempt, Boone's counsel certainly could have sought to remedy the situation for his client by taking some additional action, such as filing a motion to reconsider while the order was still in the bosom of the circuit court or stating for the record that he was not representing Boone on the contempt finding until he was retained or appointed to do so. Indeed, Boone's counsel candidly acknowledged during oral argument before this Court that "there could be a motion that could

_____

[3] The position taken by the dissent would allow a defendant, for whom a circuit court has ordered restorative services for his competency so that he can stand trial, to be disruptive, belligerent, or even aggressive in the courtroom seemingly without consequence or repercussion—other than simply outright removing him from the courtroom. However, a circuit court needs to be able to observe the demeanor of the defendant in the courtroom, particularly when determining the competency of the defendant, while still also maintaining decorum and order in the courtroom—the underlying purpose of a court's inherent summary contempt power.

have been filed absolutely to ask the court to reopen the case to address this issue." Boone's

counsel, however, failed to take any form of action to preserve Boone's argument for appeal.[4]

In short, Boone simply has not preserved for appellate review his challenge to the circuit

court's finding that he was in contempt of court.[5] Rule 5A:18. Furthermore, although there are

the ends-of-justice exception and the good-cause exception to Rule 5A:18, Boone has not argued

either of these two exceptions to Rule 5A:18 to us on appeal, and appellate courts are not

supposed to invoke them *sua sponte*. *See Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023)

(stating that when an appellant "has not invoked either exception to Rule 5A:18," this Court

"do[es] not consider them *sua sponte*"); *Widdifield v. Commonwealth*, 43 Va. App. 559, 564

(2004) (*en banc*) ("When an appellant has had so many opportunities to raise the exception and

has not, for the Court to raise it *sua sponte* would compromise the Court's role and place it in the

position of becoming a *de facto* advocate."). *See also Jones*, 293 Va. at 39 n.5 (where the

Supreme Court noted that when an appellant "does not assert any grounds for invoking the 'good

---

[4] Furthermore, even if Boone were not represented by counsel on the contempt finding and was proceeding *pro se* on the contempt, Boone himself only indicated that he objected to the circuit court's finding him to be incompetent—and only said that he would appeal that finding of incompetency, stating to the circuit court, "I'm not incompetent, sir. I'll appeal it. Please note my appeal. I'm not incompetent."

[5] Boone emphatically argued before the circuit court that he was, in fact, competent. "Under Virginia precedent, willfulness or recklessness satisfies the intent element necessary for a finding of criminal contempt." *Abdo v. Commonwealth*, 64 Va. App. 468, 477 (2015). "The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely." *Id.* (quoting *Barrett v. Commonwealth*, 268 Va. 170, 183 (2004)). In this case, Boone appeared to understand that he was interrupting the circuit court, that he was being stubborn, and that he was acting obstinately. Boone specifically stated that the circuit court should not interrupt him, which shows that he understood that he also should not have interrupted the circuit court—or to have *kept* interrupting the circuit court after being repeatedly admonished by the court not to do so and telling the circuit court not to interrupt him.

cause' or 'ends of justice' exceptions under Rule 5:25," the Supreme Court "will not sua sponte raise them on his behalf").

## III.  CONCLUSION

For all these reasons, we do not disturb the judgment of the circuit court.

*Affirmed.*

Causey, J., dissenting.

Kerry Lennell Boone was legally incompetent at the time he was found guilty of criminal contempt of court. The trial judge held Mr. Boone in contempt of court *immediately* after declaring him legally incompetent to stand trial and ordering him to inpatient therapy to restore his competency. Then, the trial judge sentenced the legally incompetent Mr. Boone to three days in jail. Mr. Boone's constitutional right not to be convicted of a crime while legally incompetent was violated. For this reason, and because the "good cause" exception to Rule 5A:18 permits appellate review under these circumstances, I respectfully dissent.

## I: Legal Background

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution prohibits the criminal conviction of a defendant who is legally incompetent to stand trial. *Pate v. Robinson*, 383 U.S 375, 378 (1966); *Drope v. Missouri*, 420 U.S. 162, 172 (1975). The prohibition on criminal trials of incompetent defendants is a fundamental rule with "deep roots in our common-law heritage." *Medina v. California*, 505 U.S. 437, 446 (1992). A defendant's right not to be tried or convicted while incompetent cannot constitutionally be waived, whether by the defendant himself or by his lawyer. *Pate*, 383 U.S. at 384; *Medina*, 505 U.S. at 450.

"Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both."[6] *Bloom v. Illinois*, 391 U.S. 194, 201 (1968). For a defendant to be convicted of contempt (or "found in contempt"), the presumption of innocence must be overcome and the elements must be proven beyond a

---

[6] The distinction between criminal and civil contempt lies in the "character and purpose" of the punishment. *Epps v. Commonwealth*, 47 Va. App. 687, 710 (2006) (en banc) (quoting *Kessler v. Commonwealth*, 18 Va. App. 14, 16 (1994)). Generally, criminal contempt is "prosecuted to preserve the power and to vindicate the dignity of the court" and civil contempt is "instituted to preserve and enforce the rights of private parties." *Mills v. Mills*, 70 Va. App. 362, 373 (2019) (quoting *Roanoke Water Works Co. v. Roanoke Glass Co*., 151 Va. 229, 235-36 (1928)). In this case, Boone was subject to criminal contempt.

reasonable doubt. *Salyer v. Commonwealth*, 209 Va. 662, 664 (1969); *Carter v. Commonwealth*, 2 Va. App. 392, 396 (1986). The guarantees of the Due Process Clause of the Fifth and Fourteenth Amendments are applicable in contempt proceedings and require that such proceedings are conducted in a fundamentally fair manner. *Gilman v. Commonwealth*, 275 Va. 222, 228 (2008); *Levine v. United States*, 362 U.S. 610, 616 (1960).

The Sixth Amendment's jury trial guarantee is generally[7] not applicable to "direct" contempt proceedings, which govern parties' actions in the presence of the court. *Gilman*, 275 Va. at 227-28. This is so because in cases of direct contempt, the court has the ability to "proceed 'upon its own knowledge of the facts'" and because a court's power to punish summarily in response to misbehavior in its presence "is necessary . . . to preserve order." *Cooke v. United States*, 267 U.S. 517, 535 (1925); *Codispoti v. Pennsylvania*, 418 U.S. 506, 515 (1974). In that limited sense, direct contempt proceedings "have been regarded as sui generis and not 'criminal prosecutions' within the Sixth Amendment or common understanding." *Gilman*, 275 Va. at 228 (quoting *Myers v. United States*, 264 U.S. 95, 104-05 (1924)).

Nevertheless, a court cannot conduct summary contempt proceedings in a manner that violates a defendant's rights under the Due Process Clause. *Id.*; *Levine*, 362 U.S. at 616. For instance, due process prohibits judges who have become "personally embroiled" in disputes with defendants from holding defendants in summary contempt. *Mayberry v. Pennsylvania*, 400 U.S. 455, 465-66 (1971); *Offutt v. United States*, 348 U.S. 11, 14 (1954). Due process also prohibits summary contempt proceedings, even in cases of direct, petty contempt, when immediate adjudication is not necessary to prevent the "demoralization of the court's authority before the public." *In re Oliver*, 333 U.S. 257, 275 (1947) (quoting *Cooke*, 267 U.S. at 536) (summary

---

[7] A defendant may only be punished for "serious" contempt, whether for direct or indirect contempt, after trial by jury. *Bloom*, 391 U.S. at 207-08. "Serious" contempt, as opposed to "petty" contempt, is contempt punishable by over six months of incarceration. *Id.* at 197-98.

- 10 -

proceedings unnecessary where allegedly contemptuous acts were committed and adjudicated in a secret proceeding); *Taylor v. Hayes*, 418 U.S. 488, 497-500 (1974) (summary proceedings were unnecessary where the court delayed adjudication of an attorney's allegedly contemptuous acts until the end of trial). So, despite the general inapplicability of Sixth Amendment rights in direct, petty summary contempt proceedings, there is no doubt that such proceedings are restrained by the fundamental fairness guarantees of the Due Process Clause.

Finally, in Virginia, the crime of contempt requires a *mens rea* of intent. *See Singleton v. Commonwealth*, 278 Va. 542, 549 (2009) ("For more than a century, Virginia courts have required the element of intent in order to sustain a criminal contempt conviction." (citing *Carter v. Commonwealth*, 96 Va. 791, 802-03 (1899)); *Wise v. Commonwealth,* 97 Va. 779, 781-82 (1899); *Wells v. Commonwealth*, 62 Va. (21 Gratt.) 500, 509 (1871); *Robinson v. Commonwealth*, 41 Va. App. 137, 143 (2003); *Carter*, 2 Va. App. at 397. Specifically, to commit criminal contempt, a defendant must intend "to obstruct or interrupt the administration of justice." *Singleton*, 278 Va. at 549.

## II: Analysis

In this case, Boone was deemed incompetent to stand trial and then summarily held in criminal contempt of court. Criminal contempt requires intent to obstruct or interrupt the administration of justice. *See id.* Here, because Boone was found incompetent by a doctor, recommended to be found incompetent by his counsel and counsel for the Commonwealth, and declared by the trial judge to be legally incompetent, he lacked the ability to form the intent to commit contempt. And, as Boone argues on appeal, Boone's contempt conviction denied him his due process right not to be convicted of a criminal offense while legally incompetent. *See Pate*, 383 U.S at 378; *Drope*, 420 U.S. at 172.

The judge determined that Boone was incompetent to stand trial after (1) a licensed psychiatrist or clinical psychologist[8] issued a report recommending a finding of incompetency and (2) Boone's counsel and the Commonwealth made a joint request that Boone be found incompetent and ordered to receive inpatient services to restore his competency. By statute, this trial judge's incompetency finding was a determination, by the preponderance of the evidence, that Boone "lack[ed] substantial capacity to understand the proceedings against him or to assist his attorney in his own defense." Code § 19.2-169.1.[9] All parties participating in the proceedings agreed that Boone was incompetent. The trial court's incompetency finding was equivalent to a finding that the Due Process Clause precluded trying or convicting Boone. *See Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (A legally competent defendant is one who has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him.").

Virginia's courts have not addressed whether the summary contempt conviction of an incompetent defendant violates due process. I would hold that it does. In holding Boone in contempt and sending him to jail, the court found Boone guilty of a crime. *See Bloom*, 391 U.S. at 201. No person may be tried for or convicted of a crime while legally incompetent to stand

---

[8] Code § 19.2-169.1(A). In the absence of specific evidence in the record, we presume that the law regarding competency determinations was followed according to statutory requirements. *See Blankenship v. Commonwealth*, 69 Va. App. 692, 702 (2019) ("The 'judge is presumed to know the law and to apply it correctly in each case.'" (quoting *Groves v. Commonwealth*, 50 Va. App. 57, 62 (2007))).

[9] Pursuant to Code § 19.2-169.2(A), the court's determination that a party requires inpatient competency restoration services must follow a finding of incompetency, meaning that the party "lacks substantial capacity to understand the proceedings against him or to assist his attorney in his own defense," by the preponderance of the evidence under Code § 19.2-169.1(A) and (E). (quoting Code § 19.2-169.1(A)). We presume that the trial court followed this process. *See Blankenship*, 69 Va. App. at 702.

trial. *See Pate*, 383 U.S at 378; *Drope*, 420 U.S. at 172. A court's summary contempt power is limited by fundamental principles of due process. *See Mayberry*, 400 U.S. at 465-66; *Offutt*, 348 U.S. at 14; *Oliver*, 333 U.S. at 276; *Taylor*, 418 U.S. at 498 ("[summary] punishment always, and rightly, is regarded with disfavor" (alteration in original) (quoting *Sacher v. United States*, 343 U.S. 1, 8 (1952))). The right of a legally incompetent defendant to be free from criminal trial or conviction is a fundamental due process right. *Cooper*, 517 U.S. at 367. As important as the contempt power is, it cannot override such a fundamental right. *Id.* ("[T]he defendant's fundamental right to be tried only while competent outweighs the State's interest in the efficient operation of its criminal justice system."). I would hold that convicting Boone of contempt while he was legally incompetent to stand trial violated Boone's constitutional rights.

Additionally, I would hold that a person who is legally incompetent cannot form the requisite intent to commit the crime of contempt of court. If Boone lacked the mental capacity to defend himself, he could not form the intent to commit the crime of contempt, as Boone's incompetency determination was a legal finding that he lacked the ability to rationally consult with his lawyer or understand the proceedings against him. Code § 19.2-169.1. Finding Boone guilty of contempt meant holding Boone criminally responsible for interrupting a legal proceeding despite a specific finding that he lacked sufficient mental capacity to participate in a legal proceeding. *See id.*; *Potts v. Commonwealth*, 184 Va. 855, 859 (1946) (contempt requires a mens rea of committing acts "*calculated* to embarrass, hinder, or obstruct the court in the administration of justice" (emphasis added)); *Parham v. Commonwealth*, 60 Va. App. 450, 459 (2012) (the "misbehavior" contempt standard reflects the "assum[ption] that *reasonable people understand* the line between good and bad behavior, particularly when exhibited in open court in the presence of a judge" (emphasis added)). *See also Panico v. United States*, 375 U.S. 29, 30 (1963) (reversing trial court's summary contempt determination where evidence presented

regarding competency to stand trial raised questions regarding defendant's capacity to form criminal intent necessary for contempt). I would hold that because Boone was incompetent, he lacked the intent necessary to commit contempt of court.

Finally, I would hold that Boone's legal incompetency and lack of representation at the time of the court's contempt holding constitute "good cause" permitting appellate review of his incompetency arguments. On occasion, Virginia's courts find it necessary to invoke the "good cause" or "ends of justice" exceptions to our contemporaneous objection rules despite an appellant's failure to cite those exceptions. *See Toghill v. Commonwealth*, 289 Va. 220, 226 (2015) ("apply[ing] [the 'good cause' exception] sua sponte as has been done with the ends of justice exception" (citing *Ball v. Commonwealth*, 221 Va. 754, 758-59 (1981); *Cooper v. Commonwealth*, 205 Va. 883, 889-90 (1965))). The "good cause" exception concerns "the reason why an objection was not stated at the time of the ruling." *Campbell v. Commonwealth*, 14 Va. App. 988, 996 (1992) (en banc).

In this case, three factors require and justify our application of the "good cause" exception. First, Boone's counsel has made it clear to this Court that he was not representing Boone on the issue of contempt and that Boone was therefore a *pro se* litigant at the time of his contempt conviction. Second, Boone was legally incompetent to stand trial at the time of the trial court's contempt ruling, and nothing in the record indicates that Boone's competency was restored during the period of twenty-one days following the order. And third, what the Commonwealth insists Boone has waived, is his incompetency defense.

Case law from the United States Supreme Court makes it clear that the application of our waiver doctrine to bar an incompetent defendant's defense of incompetency raises serious constitutional concerns. *Medina*, 505 U.S. at 449 ("[In] *Pate v. Robinson*, 383 U.S. at 384 . . . we held that a defendant whose competence is in doubt cannot be deemed to have waived his

right to a competency hearing."); *Pate*, 383 U.S. at 384 ("The State insists that Robinson deliberately waived the defense of his competence to stand trial by failing to demand a sanity hearing . . . .  But it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial.").  *See also Kibert v. Peyton*, 383 F.2d 566, 569 (4th Cir. 1967) ("The Supreme Court has held categorically that the defense of incompetency to stand trial cannot be waived by the incompetent and it ineluctably follows that his counsel cannot waive it for him by failing to move for examination of his competency." (citing *Pate*, 383 U.S. at 384)).  Pursuant to this case law, I would hold that a defendant's legal incompetency is "good cause" permitting appellate review under the circumstances of an allegedly waived incompetency defense.  The fact that Boone, in addition to being legally incompetent, was operating *pro se* at the time of the court's ruling is a further indication that the "good cause" exception must apply.

I would hold that a person found to be legally incompetent cannot be found guilty of contempt of court, especially during the competency hearing that legally declared him incompetent.  Further, I would hold that the criminal conviction must be vacated because the right of a legally incompetent defendant to be free from criminal trial or conviction is a fundamental due process right and to hold otherwise violates his due process rights found in the Fourteenth Amendment of the United States Constitution.  Finally, I would hold that Boone's arguments must be reviewed under the "good cause" exception to Rule 5A:18.  Mr. Boone's criminal contempt of court conviction must be vacated.